ROSE D. SERAYDAR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2023–66.    Filed August 20, 1968.

---

[8] See Rev. Rul. 67–352, 1967–2 C.B. 176.

*Morris Fierson*, for the petitioner.

*Agatha Vorsanger*, for the respondent.

HOYT, *Judge:*[1] Respondent determined a deficiency in petitioner's income tax for 1961 in the amount of $495.11.

The sole question presented for decision is whether petitioner is entitled to deductions for personal exemptions for her three minor children.

A deduction claimed by petitioner for child-care expenses, which was also disallowed is not in issue; petitioner did not assign error to this portion of respondent's determination in her petition or at trial and we consider the disallowance of this claimed deduction conceded by petitioner as proper and correct.

### FINDINGS OF FACT

Those facts which were stipulated are found accordingly and incorporated herein by this reference.

Petitioner timely filed her individual income tax return for the taxable year 1961 with the district director of internal revenue, Brooklyn, N.Y. At the time the petition was filed, her legal residence was Brooklyn, N.Y.

During the year 1961, petitioner was married to Gary Seraydar. Rose and Gary had three children whose ages in 1961 were 12, 10, and 7. Rose, Gary, and the three children lived together in a house at Brooklyn, N.Y., throughout the year 1961. Rose and Gary owned the house, which had been purchased in 1956.

In 1961 Rose instituted an action for separation against Gary. Although the separation was not granted until 1962, the Supreme Court of the State of New York entered a support order during the latter part of 1961. Gary was directed to pay petitioner $45 per week for the support of the three children, commencing October 24, 1961.

Gary was also directed to pay all utilities and mortgage payments, taxes, and carrying charges on the house. During 1961 Gary made all mortgage payments on the house.

For the first 6 months of 1961, Gary was supposed to give Rose $85 per week as support for her and the children. Frequently, however, the amount actually paid was appreciably less. Gary often spent part of the weekly money for personal items and deducted those expenditures from the $85 weekly payment. Rose and Gary availed themselves of the services of a marriage counselor quite often. The $35 per visit charged by the counselor for professional services was paid by Gary,

---

[1] This case is a companion case to *Gary Seraydar*, a Memorandum Opinion of this Court dated Aug. 20, 1968. By stipulation of the parties the transcript of testimony in that case was entered into the record here and the case reassigned for opinion from Judge Charles R. Simpson, who tried this case, to Judge Austin Hoyt, who had previously tried the *Gary Seraydar* case, for opinion and decision on the entire record herein.

but also deducted by him from the $85 weekly payment to Rose. Thus, the weekly payment which started at the $85 figure was generally less, often as little as $32 or $19. The average amount of each weekly payment was $30 through June. After June, the weekly payments ceased altogether. The total amount paid was $780. Since that amount was for petitioner and the three children, at most, three-fourths was for the children, or total child support of $585. Gary also gave the children an allowance of about $5 per week, or approximately $250 for the entire year.

Rose worked during 1961, earning a total of $3,671. She supplemented her income by borrowing approximately $1,475 to help meet the living expenses of herself and the children. She also withdrew $800 from her savings account which was applied toward the children's support. Gary paid Rose a total of only $85 pursuant to the support order of court, mentioned above, after October of 1961.

During 1961 Rose expended a total of $1,406.81 for supermarket and various clothing items for the children and herself. Thus, three-fourths of that amount, or $1,055.11 was for the children. She spent $24 for medical care for the children. She sent two of the children to camp that summer at a cost to her of $132, and the third child to a day camp at a cost to her of $125. On October 6, 1961, she purchased a washing machine which was used primarily for the children's clothing. Although the total cost of the machine was $265.05, only $50 was paid in 1961. The fair rental value of the machine for October, November, and December of 1961 was $18. She paid a gas bill in 1962 for gas service supplied in the latter part of 1961. The amount was $50. In 1962 Rose paid city taxes on the house for 1961 in the amount of $274.95. A bill in the amount of $26.48 was paid by Rose in 1962 for electricity used in the house in 1961. Rose expended $26.15 for cleaning and laundering services in 1961, of which one-half was on behalf of the children. On two occasions Rose purchased clothing for the children during 1961, once at a cost of $14.16, and again at a cost of $96.

In addition to the specific expenses incurred by petitioner on behalf of her children, she frequently found it necessary to make cash expenditures for their support. Such cash outlays totaled $1,500 for the year 1961.

We thus find that petitioner had available funds from all sources during 1961, as follows:

| | |
|---|---:|
| Salary | $3,671 |
| Loans | 1,475 |
| Savings account | 800 |
| Court-ordered support | 85 |
| Payments from Gary January 1961—June 1961 | 780 |
| Total | 6,811 |

Of that amount, the salary, loans, and savings account, totaling $5,946, were her own funds; the other two items, totaling $865, were given to petitioner by Gary.

Petitioner spent or incurred obligations for the following amounts in 1961 in support of the children:

| | |
|---|---:|
| Supermarket and various clothing | $1, 055. 11 |
| Pediatrician | 24. 00 |
| Camp for two children | 132. 00 |
| Camp for one child | 125. 00 |
| Washing machine (fair rental value) | 18. 00 |
| Gas bill (three-fifths for children) | 30. 00 |
| City taxes (three-fifths for children) | 164. 97 |
| Electric bill (three-fifths for children) | 15. 88 |
| Cleaning bill | 13. 08 |
| Clothing purchase | 14. 16 |
| Clothing purchase | 96. 00 |
| Other cash expenditures | 1, 500. 00 |
| Total | 3, 188. 20 |

Gary spent the following amounts in 1961 in support of the children:

| | |
|---|---:|
| Payments by Gary to petitioner made from January 1961— June 1961 | [1] $585 |
| Court-ordered support | 85 |
| Allowance given to children | 250 |
| Total | 920 |

[1] As previously indicated, Gary furnished petitioner with funds totaling $780 during this period for the family of four, petitioner and the children. Allocating three-fourths of this to the three children results in this figure for child support.

Of the funds which Gary contributed toward the support of the children, $670 was given to petitioner to spend on behalf of the children. Thus, of the $3,188.20 expended by petitioner, only $2,518.20 was from her own funds.

During the year 1961, no one but petitioner and Gary contributed to the support of the children.

Accordingly, we find that the following amounts were contributed by all sources to the support of the children in 1961:

| | |
|---|---:|
| Rose | $2, 518. 20 |
| Gary | 920. 00 |
| Total | 3, 438. 20 |

OPINION

The question presented is whether petitioner is entitled to deductions for personal exemptions for her three minor children for 1961 under section 151(a) and (e)(1).[2] Section 152(a) defines the term

[2] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

dependent as a son or daughter of the taxpayer over half of whose support was received from the taxpayer. The burden of proof is on the petitioner to prove not only her own expenditures in support of each child for each year in issue, but also that those amounts exceeded one-half of the total support provided in each instance. *Aaron F. Vance*, 36 T.C. 547 (1961); *Bernard C. Rivers*, 33 T.C. 935 (1960).

Although petitioner need not conclusively prove the exact or precise total cost of the support for each child in each year, she must provide us with convincing evidence that the amounts she provided in each instance exceeded one-half of the total support. *James E. Stafford*, 46 T.C. 515 (1966).

Petitioner herein, Rose Seraydar, lived with her husband, Gary Seraydar, during the entire year 1961. They filed separate Federal income tax returns for 1961, and both took three deductions for personal exemptions for their minor children. The statute allows only one deduction per child per year, and only to the individual contributing more than half of the child's support. Obviously only one party at a time can contribute the majority to any given whole. In a companion case decided this day, upon a different record, *Gary Seraydar*, a Memorandum Opinion of this Court dated August 20, 1968, we held that Rose's husband failed to offer sufficient evidence to the Court to establish that he contributed over one-half the support to his three children in 1961. That holding does not per se convince us that petitioner herein should prevail, because the trials were held separately, and the evidence introduced in each case was not the same. Each case must bear its own burden. Petitioner's burden of proof in the present case is thus not lightened by our findings in the companion case of *Gary Seraydar, supra*.

Both the companion and the present case require the Court to find specific sums which were contributed by the individual petitioner to the support of the children in the year 1961. As indicated previously, the evidence submitted was not identical. Gary's case was tried first, and the transcript therefrom was admitted into evidence in the present case. Thus, the findings in Gary's case were based solely on his testimony, exhibits in evidence, and the stipulations presented. In the present case, we have in evidence Gary's testimony from his trial, as well as Rose's testimony, various exhibits, and certain stipulations. The latter three were not available to us when we reached our findings in *Gary Seraydar, supra*.

At the trial in this case, petitioner offered convincing evidence which showed contributions by her of $2,518.20 from her own funds to the support of the children in 1961. The amount of funds at her disposal for the year 1961, apart from money she received from Gary,

was $5,946. Gary gave her $670 toward the support of the children, and contributed an additional $250, directly to the children. There were no other sources contributing to their support during the year 1961. The total amount contributed to the support of the children from all sources during 1961 was $3,438.20.

Respondent's determination is presumptively correct, and Rose has the burden of proof to show that her contributions constituted more than half of the total expended for their support. Sec. 152(a); *Robert I. Brown*, 48 T.C. 42 (1967). As we have said, petitioner need not supply us with conclusive proof of the precise totals; her burden of proof merely requires convincing evidence that the amounts provided by her during 1961 exceeded one-half of the total support. *James E. Stafford, supra*. We hold that petitioner has met her burden by showing us that her contributions surpassed the required one-half level. She therefore is entitled to deductions for personal exemptions for the three children in 1961.

Respondent alleges that certain of the amounts which comprise petitioner's total were incorrectly included therein. Specifically, it is argued that any bill incurred for support during 1961, but paid during 1962, is not properly includable in the 1961 total. Though tenable at first blush by analogy with deductibility of expenses by a cash-basis taxpayer, the argument is not applicable in the support situation. Section 152(a) defines a dependent as an individual over half of whose "support" for the calendar year was received from the taxpayer. The concept of "support" includes much more than mere payments which a court could require parents to make as part of their duty to provide for their children. *Raymond M. McKay*, 34 T.C. 1080 (1960). See also *Frank P. Gajda*, 44 T.C. 783 (1965).

The term "support," as contemplated by the statute, includes food, shelter, clothing, medical and dental care, education, and similar items. Sec. 1.152–1, Income Tax Regs. The year in which the item of support was furnished is controlling in determining the year in which the value of that support shall be included. The method of reporting income and disbursements used by the taxpayer is not relevant to the concept of support. The statute requires us to measure the value of the support "received" from petitioner as against all other sources. Thus, the fact that the taxpayer incurred an indebtedness which would be satisfied in a future taxable year is not the controlling factor; rather we look to see whether the item of support "was received from the taxpayer" during the year in question. See Rev. Rul. 58–404, 1958–2 C.B. 56. See also Rev. Rul. 67–61, 1967–1 C.B. 27. In the present case, all items of support included by the taxpayer were received by the children during the year in question;

therefore, the fact that some of those items were not actually paid for by petitioner until a later year does not affect our determination of the totals of the support furnished or supplied.

Petitioner therefore is entitled to three deductions for personal exemptions for her three minor children in 1961. To reflect any required adjustments,

*Decision will be entered under Rule 50.*