Norman C. Manning v. Commissioner.
Manning v. Commissioner
Docket No. 3299-69 SC.
United States Tax Court
T.C. Memo 1970-353; 1970 Tax Ct. Memo LEXIS 8; 29 T.C.M. (CCH) 1707; T.C.M. (RIA) 70353; December 29, 1970, Filed. *8 Petitioner claimed dependency exemption deductions in his 1967 income tax return for his two daughters by a former marriage terminated by divorce. Held: Petitioner and his former wife, the divorced parents of Deborah, did not provide more than one-half of Deborah's support during 1967; therefore, the special support test of section 152(e), I.R.C. 1954, did not apply. Since petitioner failed to prove that he alone contributed more than one-half of Deborah's support, he is not entitled to a claimed deduction for a dependency exemption for that child. Secs. 151(a), (e), and 152(a), I.R.C. 1954. Held, further: Petitioner and this same former wife, who were also the divorced parents of Leslie, did provide more than one-half of Leslie's support during 1967 and, therefore, the special support test of section 152(e) was applicable. Since his former wife had custody of Leslie, and since he failed to prove that he provided at least $1,200 toward Leslie's support during 1967, petitioner is not entitled to a dependency exemption for that child. Norman C. Manning, pro se, 610 Warren Lane, Key Biscayne, Fla., Meno W. Piliaris, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioner's income tax for 1967 in the amount of $781.77. Since both of the parties have conceded issues raised by the pleadings in this case, a decision will be entered under Rule 50. The only issue remaining for our decision is whether petitioner is entitled to a dependency exemption in 1967 for either of his two children of a prior marriage, Deborah and Leslie. Findings of Fact Petitioner was residing in Key Biscayne, Florida, at the time the petition was filed in this case. His individual income tax return for the taxable year 1967 was filed with the district director of internal revenue, Jacksonville, Florida. During 1967, and until he obtained a divorce on *11 December 15, 1967, petitioner was married to Gisela Brooks. Michael and Marianne were the only two children of that marriage. Petitioner also had two daughters, Deborah and Leslie, who were born of a prior marriage, also terminated by divorce. At some undisclosed time prior to 1967 petitioner's first wife was granted custody of Deborah and Leslie. Leslie attended the University of Massachusetts from January of 1967 until the completion of the academic year in June or July of that year. Deborah attended another college in Massachusetts from January of 1967 until she dropped out of school near the end of April of that year. While they were at school, Deborah and Leslie received scholarships providing undisclosed amounts for room, board, and tuition. It is not clear whether their mother furnished any part of their support during this period or at any other time during 1967. Their father, petitioner herein, did not contribute toward their support while they were in school. At the end of April 1967, petitioner and Gisela were living in a house in Key Biscayne, Florida, with their two children, Michael and Marianne. When Deborah dropped out of school, she came to live with petitioner, *12 his wife and two children at this house. In July of 1967 Leslie also came to Key Biscayne to live with petitioner and his family. Petitioner paid for both Deborah's and Leslie's airplane fare from Massachusetts to Florida. During the time Deborah was staying at petitioner's home, petitioner paid all of the household bills and expenses, including rent, and about $40 a week for groceries for the entire family of six. When Leslie arrived he increased the payments for groceries to $45 a week. With the exception of the grocery expense, the record does not reveal the amount of the household bills and expenses, or the rent. On or about July 6, 1967, petitioner and Gisela separated. At that time petitioner was working as the resident manager of the Key Biscayne Hotel and Villas, and 1708 subsequently he, Deborah, and Leslie moved into the hotel. Petitioner arranged with the general manager of the hotel for the girls to occupy a one-bedroom "villa" with a kitchenette. The girls were provided with breakfast and lunch at the hotel. The record does not reveal what amounts, if any, were paid by petitioner for this food and lodging; nor does it reveal the fair rental value of the "villa. *13 " While the girls were staying at the hotel, petitioner gave them each an allowance of $10 a week, and also treated them to dinner two or three times a week. On or about September 26, 1967, the hotel became so busy that petitioner had to move the girls over to the Key Biscayne home of his parents, who were temporarily out of town. The girls stayed at his parents' house until approximately November 10, 1967, at which time they returned by airplane to Massachusetts to find jobs. The record does not disclose the nature or rental value of the accommodations occupied by the girls in their paternal grandparents' home. While the girls were at his parents' house, petitioner provided them with all meals, some clothes, and spending money. He also purchased their return trip airline tickets, and gave them each $300 for their trip. Petitioner's total expenditures for the two girls between September 26 and November 10, 1967, including all of the above items, were approximately $1,000 according to his best estimate. Petitioner made no further contributions toward the support of Deborah and Leslie during 1967. One of the girls obtained a job as a cashier in late November. The record is not *14 entirely clear as to which one of the girls obtained the job or the amount of the salary which she was paid during the remainder of 1967, but we conclude it was Debbie. On his income tax return for the year 1967, petitioner claimed dependency exemptions for both Deborah and Leslie, and stated that he furnished 100 percent of their support during that year. Respondent disallowed these deductions in his notice of deficiency. Opinion The question presented is whether petitioner is entitled to deductions for personal exemptions for Deborah and Leslie in 1967 under sections 151(a) and (e), I.R.C. 1954. [1]Section 152(a) defines a "dependent" as a son or daughter of the taxpayer over half of whose support was received from the taxpayer. However, for the year 1967 section 152(e) provides a special support test with respect to dependency exemption deductions for children of divorced parents. The general rule in the case of children of divorced parents set forth in section 152 (e)(1)is that in the case of a child who "receives over half of his support during *15 the year from his parents who are divorced," the parent having custody is entitled to the exemption deduction. Although two exceptions are provided to this general rule, the only exception pertinent to the present inquiry and with respect to which any evidence has been presented, is as follows: (2) Special rule. - The child of parents described in paragraph (1)shall be treated as having received over half of his support during the calendar year from the parent not having custody if - * * * (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. * * * In order for the special statutory provisions with respect to children of divorced parents to apply, it must first be determined that a child received over half of his support from his or her divorced parents under section 152(e)(1). Therefore, in determining which statutory provision to apply, we must first *16 decide whether or not petitioner's daughters, Leslie and Deborah, or either of them, received over half of their support from petitioner and their mother, the divorced parents of these two children. Section 152(d) provides, in part, that if a taxpayer's son or daughter is a "student" who receives amounts as a scholarship for study at an "educational institution", then the amounts received as such are not to be taken into account in determining whether the child qualifies as a dependent for the exemption deduction permitted by section 1709 152(a). [2] Section 151(e)(4) defines a "student" as an individual who during each of five calendar months of the year is a fulltime student at an educational institution. Since Leslie attended college for more than five months during 1967, the statute makes it clear that the amounts she received as a scholarship should not be considered in determining her total support for that year. However, the statute provides for the opposite result in Deborah's case, since she attended college for a maximum of only four months. *17 The special support test of section 152(e), regarding children of divorced parents, is applicable only where it is established that the divorced parents of the child in question provide "over half of his support during the calendar year." Section 152(e); Harvey L. Hopkins, 55 T.C. - (Dec. 21, 1970). Since petitioner does not qualify for the benefit of the special support exclusion for scholarship amounts received by Deborah, the amount of her scholarship for the four months she attended college in 1967 must be taken into account in computing the total amount of her support in that year. This amount which was for full tuition, room and board, and any salary which she may have earned during the last month or so of 1967, represents a large portion of Deborah's total support which was not provided by either petitioner or Deborah's mother during that year. Petitioner made no attempt to provide us with even an approximate figure representing Deborah's total support from all sources, including the amount of her scholarship and any salary which she may have earned. Without such a figure, it is impossible on the record before us to find that petitioner and Deborah's mother contributed more *18 than one-half of her total support. In order for petitioner to establish that he and Deborah's mother had contributed over half of Deborah's support during 1967, it was necessary for him to show not only the approximate amount of Deborah's scholarship and salary, but also at least an estimate of the total value of meals, lodging, clothing, entertainment, and other support items contributed by petitioner and Deborah's mother. Since petitioner did not provide us with sufficient evidence to establish the approximate value of these items, it is clear that the special support test for children of divorced parents set forth in section 152(e) is not applicable with respect to the dependency exemption claimed for Deborah. The applicable statute is therefore section 152(a), which requires petitioner to carry the more onerous burden of proving that he alone provided more than one-half of Deborah's total support. Rose D. Seraydar, 50 T.C. 756 (1968). Since petitioner has clearly failed to sustain this burden also, we must uphold the determination of the respondent. We therefore hold that petitioner is not entitled to a dependency exemption with respect to Deborah for the 1967 *19 taxable year. On the other hand, since the amount of Leslie's scholarship cannot be considered as part of her total support, because she was a full-time student at college "during each of five calendar months of the year," section 152(d), we think that the facts of record make it perfectly clear that petitioner and Leslie's mother provided more than one-half of Leslie's support during 1967. With the exception of her scholarship, which cannot be taken into account, Leslie's support was provided by petitioner or Leslie's mother. Even if we assume that Leslie did work during the month or so after she left Florida, and that she was paid a high salary, we think it evident that such amount would not have constituted more than the total amount of support provided by petitioner and Leslie's mother. Since we conclude that Leslie's divorced parents provided more than one-half of her total support during 1967, the special support test of section 152(e) is applicable. Leslie was in the custody of her mother during 1967, and therefore petitioner is not entitled to claim Leslie as a dependent child for an exemption deduction unless he can meet the requirements of section 152(e)(2). That section *20 provides for two exceptions to the general rule that the parent having custody is entitled to the deduction. However, the only exception pertinent to the instant case, and with 1710 respect to which any evidence was introduced, is set forth in section 152(e)(2)(B). That exception would allow petitioner the dependency deduction for Leslie only if he could first show that he contributed $1,200 or more to her support during 1967. We conclude that petitioner has failed to establish that he contributed this minimum required amount to Leslie's support during 1967. Under these circumstances, since petitioner has failed to carry his burden of proof, we must conclude and hold that respondent properly disallowed the dependency deduction claimed by petitioner for Leslie in 1967. Decision will be entered under Rule 50. Footnotes
1. All section references hereinafter made are to the 1954 Internal Revenue Code↩, as amended, unless otherwise specified.
2. SEC. 152. DEPENDENT DEFINED. * * * (d) Special Support Test in Case of Students. - For purposes of subsection (a), in the case of any individual who is - (1) a son, stepson, daughter, or stepdaughter of the taxpayer (within the meaning of this section), and (2)a student (within the meaning of section 151(e)(4)), amounts received as scholarships for study at an educational institution (as defined in section 151(e)(4)) shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer.↩