Richard J. Greene v. Commissioner.
Greene v. Commissioner
Docket No. 6961-70SC.
United States Tax Court
T.C. Memo 1971-153; 1971 Tax Ct. Memo LEXIS 181; 30 T.C.M. (CCH) 661; T.C.M. (RIA) 71153; June 24, 1971, Filed. Richard J. Greene, pro se, 132 Folcroftave., Folcroft, Pa.Albert Squire, for the respondent. 662 DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $188.02 in petitioner's Federal income tax for the year 1968. The only issue for decision is whether the petitioner is entitled to a dependency deduction in 1968 for his daughter-in-law, Jennifer Izard Greene. Richard J. Greene (herein called petitioner) was a legal resident of Folcroft, Pennsylvania, at the time he filed his petition in this case. Petitioner filed his individual Federal income tax return for the year 1968 with the Internal Revenue Service Center at Philadelphia, Pennsylvania. From January 1, 1968, until May 20, 1968, Jennifer *182 Izard lived with her mother, Jean Dorr Sweeny, in Wheaton, Maryland. Mrs. Sweeny supported Jennifer during that period. On May 20, 1968, Jennifer married Lawrence Greene, the petitioner's son, who was then in the United States Army, stationed at Fort Meade, Maryland. Shortly after their marriage Lawrence was sent to Vietnam, and Jennifer took up residence in petitioner's family home at Glenside, Pennsylvania, on or about June 1, 1968. In 1968 Lawrence provided about $525 for Jennifer's support and the petitioner provided not more than $800 for her support. Petitioner was unable to present any evidence as to the amount of support provided by Mrs. Sweeny during the first five months of 1968. In order to establish that he is entitled to the dependency deduction claimed for Jennifer in 1968, petitioner must prove that he furnished over half of Jennifer's total support during that year. Section 152(a), Internal Revenue Code of 1954; Rose D. Seraydar, 50 T.C. 756, 760 (1968); Aaron F. Vance, 36 T.C. 547, 549 (1961); and Victor Blanco, 56 T.C. No. 39 (1971). It is necessary to establish by competent evidence the total amount *183 of the claimed dependent's support furnished by all sources during the taxable year. If the total support cannot be shown, or cannot be reasonably inferred from the evidence available, then it is not possible to conclude that the taxpayer furnished more than half of the dependent's total support. James E. Stafford, 46 T.C. 515, 518 (1966). That is where this petitioner has failed in his proof. Neither he nor the Court knows what Mrs. Sweeny or anyone else provided for Jennifer's support in the first five months of 1968. Consequently, the total support has not been proved. Accordingly, in view of this missing link, we are compelled to hold that the petitioner is not entitled to dependency deduction claimed for Jennifer. Decision will be entered for the respondent.