Robert Blackshear v. Commissioner.
Blackshear v. Commissioner
Docket No. 8370-75. T.C. Memo. 1977-231.
United States Tax Court
T.C. Memo 1977-231; 1977 Tax Ct. Memo LEXIS 213; 36 T.C.M. (CCH) 960; T.C.M. (RIA) 770231; July 25, 1977, Filed Robert Blackshear, pro se, P.O. Box 6670, Ft. Worth, Tex. J. Michael Brown, *214 for the respondent. HALL Memorandum Findings of Fact and Opinion HALL, Judge: Respondent determined a $2,064.14 deficiency in petitioner's 1973 income tax. The issues for decision are: 1. Whether petitioner is entitled to a dependency exemption for his granddaughter. 2. Whether petitioner is entitled to deduct certain travel expenses. 3. Whether petitioner is entitled to any of the $6,900 of claimed itemized deductions which were disallowed by respondent. 4. Whether petitioner is subject to the self-employment tax. Findings of Fact Petitioner resided in Fort Worth, Texas at the time he filed his petition. During 1973 petitioner served as pastor of Calvary Baptist Church in Dayton, Ohio. His salary was $10,400. His granddaughter, Shantel, who was approximately four years old, lived with petitioner in 1973. Petitioner provided Shantel's food and clothing for most of 1973. Shantel's mother, who also resided with petitioner, obtained employment sometime in 1973 and thereafter provided all of Shantel's support. During 1973, petitioner led a group of twenty persons (including some of his relatives) on a tour of Rome, Greece, and Palestine. He *215 claimed a $2,373 travel expense deduction in connection with this trip which respondent disallowed. On his 1973 income tax return, which was filed jointly with his wife, petitioner claimed a dependency exemption for Shantel. He also claimed the following itemized deductions: Medical
$1337
Taxes
State and local income
$ 55
Real estate
415
General sales
114
584
Interest
Home mortgage
1818
Unity Bank
201
GMAC
394
HFC
47
2460
Cash contributions
$1426
Pastoral telephone use
578
Pastoral literature
500
Preparing tax return
15
TOTAL
$6900
Respondent disallowed the claimed dependency exemption and all the itemized deductions. Respondent also determined that petitioner is liable for self-employment tax. Opinion The first issue for decision is whether petitioner is entitled to a dependency exemption for his granddaughter Shantel for 1973. To establish that he is entitled to the dependency exemption for Shantel, petitioner must prove that he furnished over half of her total support during that year. Section 152(a) [1]; Seraydar v. Commissioner, 50 T.C. 756, 760 (1968); Vance v. Commssioner, 36 T.C. 547, 549 (1961). *216 As part of his burden, petitioner must establish by competent evidence the total amount of the claimed dependent's support from all sources during the taxable year. If the total support cannot be shown or cannot be reasonably inferred from the evidence available, we cannot find that petitioner furnished more than half of the dependent's total support. Stafford v. Commissioner, 46 T.C. 515, 518 (1966). It is not necessary, however, that petitioner establish the precise amount of total support received by Shantel. Cobb v. Commissioner, 28 T.C. 595, 597 (1957). Petitioner failed to establish the total support contributed to Shantel. He testified that he provided all of Shantel's food and clothing during most of 1973, but he failed to estimate the cost or fair market value of this support. He also testified that Shantel's mother provided all of Shantel's support after she began work sometime in 1973. He did not estimate the amount of her support. Petitioner provided no documentary support for his testimony, which was vague and conclusory. In light *217 of the unsatisfactory state of the record, we can only conclude that petitioner has failed to prove that he provided more than half of Shantel's support in 1973. The second issue before us is whether petitioner is entitled to a $2,373 deduction for expenses incurred in foreign travel in 1973. Respondent asserts that petitioner failed to comply with the provisions of section 274, and we agree.
To begin with, petitioner has not proved that his travel was business related rather than for pleasure. Moreover, section 274(d) provides generally that travel expenses are not allowable as deductions unless the taxpayer has adequate records or other evidence corroborating his own statement. Petitioner did not satisfy this requirement; he submitted neither records nor any other evidence as corroboration of his own summary testimony. He testified that what records he had were stolen during a burglary. To be relieved of the record keeping requirements of section 274(d) petitioner must establish the occurrence of a casualty causing loss of records, and then must attempt to reconstruct the records. Reg. section 1.274-5(c)(5). However, no competent evidence was submitted to show the existence *218 of such a burglary. Petitioner testified that the police have no record of the burglary, and he failed to offer as a substitute the testimony of anyone who had witnessed the event or its aftermath. Moreover, even if we assume his records were burglarized, petitioner failed to take any steps to reconstruct his records by gathering substitutes, such as copies of checks for air fare, etc. Under the circumstances, we hold for respondent on this issue. Gizzi v. Commissioner, 65 T.C. 342, 346 (1975). The third issue involves a group of itemized deductions, including deductions for medical expenses, taxes, interest, charitable contributions, and business related expenses. Petitioner carries the burden of persuading us that he did in fact incur the expense for which he is claiming a deduction. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner has failed to meet this burden. He provided no documentary substantiation for any of his deductions. He asserts that he at one time had the necessary records but that they were lost in a burglary. We have already noted our doubts concerning the occurrence of a burglary. However, even assuming that his records *219 were burglarized, petitioner has failed to take even the most minimal steps to attempt to reconstruct his records. For example, he made no attempt to secure copies of his property tax assessments, his state income tax returns, bank records of his home mortgage payments or of his other interest payments, his medical bills or his church's statement of his donations to his church. Thus we are left with only his oral testimony concerning these deductions. We found his testimony to be vague and lacking in specifics. He presented too few facts to convince us that he indeed incurred these expenses. He has failed to sustain his burden of proof. Concerning his claimed deduction for the business use of his telephone, petitioner testified that the telephone was also used for personal calls. He did not attempt to allocate between business and personal uses. His testimony was equally brief concerning the expenditures for pastoral literature. He failed to carry his burden of proof on either item. He also deducted $15 for income tax preparation, presumably for the previous year's return. Petitioner introduced no evidence to show such preparation or payment. We conclude that petitioner *220 has failed to substantiate this deduction. The fourth issue before us is whether petitioner is subject to the self-employment tax. Sections 1401 and 1402. Petitioner's Form W-2 shows $10,400 in income and no FICA tax withheld. Petitioner presented no evidence of any kind concerning this issue at trial. He has failed to show that he is eligible for exemption from self-employment tax under section 1402(e). Therefore we hold in favor of respondent. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code, as in effect during the year in issue.↩