ALFRED F. RAFFAELLI, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raffaelli v. Commissioner
Docket No. 7696-85.
United States Tax Court
T.C. Memo 1986-493; 1986 Tax Ct. Memo LEXIS 121; 52 T.C.M. (CCH) 708; T.C.M. (RIA) 86493; September 29, 1986. Alfred F. Raffaelli, pro se. Christopher B. Sterner, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned pursuant to section 7456(d) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182, Tax Court Rules of Practice and Procedure. *122 [1]
Respondent determined the following deficiencies in Federal income tax and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1981
$3,565
$178.25
*
1982
2,504
125.20 **
1983
1,435
The parties have reached agreement on some of the issues. The remaining issues are whether petitioner is entitled to a dependency exemption for his mother in 1981, 1982 and 1983 under the provisions of sections 151 and 152 and whether petitioner is entitled to a deduction for medical expenses (section 213) paid for his mother in 1981, 1982 and 1983. Section 151(e) allows a dependency exemption for each dependent as defined in section 152. Section 152(a) defines the term dependent as including certain categories of individuals (including the *123 mother of the taxpayer) over half of whose support was received from the taxpayer. To prevail, the petitioner must show not only his own expenditures in support of his mother for the year in issue but also that those amounts exceeded one-half of the total support provided for his mother. Seraydar v. Commissioner,50 T.C. 756 (1968). Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a). The record establishes that petitioner's mother resided at the Westbury Adult Home during these three years, that petitioner paid $9,431, $9,795 and $10,200 in 1981, 1982 and 1983, respectively, to the Westbury Adult Home for his mother, and that the Social Security Administration made the following payments in 1981, 1982 and 1983 directly to petitioner on behalf of his mother: $6,762, $7,200 and $7,684, respectively. Petitioner frankly admitted that he was unable to provide any further evidence with respect to his mother's support in the years involved. In fact, his whole argument appears to be that in 1984 he discovered that he was providing over half the support for his mother and consequently it must be presumed that he was *124 also doing so in the years before us. We find the argument singularly unpersuasive. In the absence of any evidence specifically addressed to the amount of support actually provided for his mother in each of the years 1981, 1982, 1983, we must conclude that petitioner has failed to meet his burden of proving that his mother qualified as a dependent under section 152(a) for purposes of the exemption. We therefore hold that petitioner is not entitled to a dependency exemption deduction under sections 151 and 152 for his mother in the years 1981, 1982 and 1983. Respondent disallowed medical expense deductions claimed by petitioner in 1981, 1982 and 1983 for medical expenses paid for his mother. As here applicable, section 213 allows a deduction for the expenses incurred by a taxpayer for medical care of a "dependent (as defined in section 152)." Our conclusion above that on this record petitioner's mother does not qualify as a dependent in the years 1981, 1982 and 1983 is dispositive of this issue. We therefore hold that petitioner is not entitled to medical expense deductions under section 213 in the years here involved for the amounts paid for medical care for his mother. Respondent *125 is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of $2,141 attributable to negligence ** 50 percent of the interest due on the underpayment of $1,863 attributable to negligence↩