T.C. Summary Opinion 2010-11

UNITED STATES TAX COURT

RUBEN ROBERTO FLORES, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7507-08S.                    Filed January 27, 2010.

Ruben Roberto Flores, pro se.

Deborah Mackay, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,046 in petitioner's 2005 Federal income tax. The issues for decision are whether petitioner is entitled to: (1) Dependency exemption deductions for two of his children; (2) head of household filing status; (3) the refundable portion of the child tax credit; and (4) an earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Illinois.

Petitioner has a son, R.F.,[1] from a relationship with Lisa Cervantes (Ms. Cervantes). R.F. reached age 4 in 2005. Petitioner also has a daughter, Dulce Flores (Ms. Flores), from a relationship with Rosa Gonzalez (Ms. Gonzalez). Ms. Flores reached age 18 in 2005. In the fall of 2005 Ms. Flores entered her senior year of high school. Petitioner did not marry Ms. Gonzales or Ms. Cervantes.

From January 2005 through March 2005 petitioner and his two children, Ms. Flores and R.F., lived with petitioner's sister in

---

[1]The Court redacts the names of minor children. See Rule 27(a)(3).

her residence. During these 3 months petitioner was unemployed and had full-time custody of R.F. and Ms. Flores. Petitioner was receiving unemployment benefits and used the benefits to support his children and himself.

Upon securing employment with a contract landscaper for the City of Chicago, petitioner entered into a lease agreement effective April 1, 2005, for a one-bedroom apartment. The agreement listed petitioner, Ms. Flores, and R.F. as occupants, required a security deposit of $475, and provided for monthly rent of $475.

In April 2005, because petitioner was working during the weekdays, R.F. began living with Ms. Cervantes. At that time Ms. Cervantes was unemployed and was receiving welfare benefits and government-subsidized housing. In addition, Ms. Cervantes received child support payments of approximately $50 per week from petitioner, which were automatically withheld from his unemployment benefits and from his salary when employed. Even though Ms. Cervantes had physical custody of R.F. during the weekdays, R.F. would stay with petitioner during the weekends. Once petitioner's employment ended in October, R.F. resumed living with petitioner full time.

In contrast, Ms. Flores lived with petitioner throughout the year. Petitioner paid for Ms. Flores' housing, food, clothing, transportation to and from school, and other necessities. The

Court received into evidence a notarized statement from Ms. Gonzalez stating that Ms. Flores lived with petitioner throughout 2005. Respondent conceded that petitioner had primary custody of Ms. Flores for 2005. On occasion Ms. Gonzalez would take Ms. Flores shopping and would give her nominal spending money.

During the summer Ms. Flores secured a job working part time as a teller or teller-in-training at a local bank. In the fall she continued working at the bank on an even more abbreviated schedule after classes. Ms. Flores' earnings were not large, and petitioner encouraged her to save what she earned. Ms. Flores used her savings to help pay for college, which she began in 2006, studying to become a nurse.

Petitioner did not keep records of the actual expenses he paid to maintain his household. During the preparation of the case for trial, in response to respondent's request, petitioner submitted a "Worksheet to Determine Support and Cost of Maintaining a Household 2005" dated September 17, 2008, detailing his household expenses for 2005. Respondent did not challenge the accuracy of the worksheet, which showed the following household expenses:

| | |
|---|---|
| Rent | $4,975 |
| Utilities | 540 |
| Telephone | 590 |
| Food | 1,400 |
| Clothing | 1,200 |
| Entertainment | 600 |
| Transportation | 1,200 |
| Other | 360 |
| Total | 10,865 |

Petitioner calculated on the worksheet that the above expenses totaled $11,535.  Nothing in the record explains the difference of $670 ($11,535 - $10,865).  Petitioner also wrote on the worksheet that other persons paid $300 of the $360 in other household expenses.  Thus, petitioner paid total expenses of $10,565 ($10,865 - $300) during 2005 to maintain a household for himself and his two children.

Petitioner has another, older, daughter, Vanessa Rivera, living independently and not involved here, who prepared petitioner's 2005 Federal income tax return.  Petitioner filed his 2005 return as head of household, reported total income of $12,735, and claimed two dependency exemption deductions, an earned income credit, and an additional child tax credit, which is the refundable portion of the child tax credit.  The result was an overpayment of $4,146, for which petitioner requested direct deposit of the refund into his checking account.

Petitioner reported two items of income on his 2005 Federal income tax return:  Wages of $8,735 and business income of $4,000.  The wages are not at issue.  However, with respect to

the business income, petitioner attached to the return a Schedule C-EZ, Net Profit From Business, reporting that his business was daycare and listing his sister's address as his business address. Petitioner reported receipts of $4,000, no expenses, and self-employment tax of $565 related to the business. Nothing in the record shows that petitioner was in the daycare business. We infer that the $4,000 is actually petitioner's unemployment income that he did not report elsewhere on the return.

Respondent issued a notice of deficiency changing petitioner's filing status to single and disallowing the dependency exemption deductions, the earned income credit, and the additional child tax credit.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Therefore, petitioner bears the burden of proof.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to a

deduction.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer is required to maintain records sufficient to establish the amounts of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

With respect to support, the law does not require a taxpayer to provide precise amounts, but the taxpayer must provide competent, convincing, or credible evidence to prove the total amount of support for each dependent.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971); Seraydar v. Commissioner, 50 T.C. 756, 760 (1968).  Credible evidence means evidence that a court would find sufficient to make a decision if the record did not contain contrary evidence and if the evidence did not include implausible factual assertions or frivolous claims; thus, the evidence must be worthy of the Court's belief.  Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

I.  Dependency Exemption Deductions

A taxpayer may be entitled to a dependency exemption deduction for each of his or her dependents.  Sec. 151(a), (c). A dependent includes a "qualifying child" of the taxpayer.  Sec. 152(a).  In relevant part a qualifying child is an individual: (1) Who bears a relationship to the taxpayer as described in section 152(c)(2); (2) who has the same principal place of abode as the taxpayer for more than one-half of the year; (3) who meets the age requirements described in section 152(c)(3) specifying an

individual under the age of 19; and (4) who has not provided over one-half of his or her own support for the year. Sec. 152(c)(1). We now apply the law to the facts to decide whether R.F. and Ms. Flores are petitioner's qualifying children for 2005.

A. <u>Whether R.F. Is a Qualifying Child</u>

R.F. is petitioner's son, he reached age 4 in 2005, and because of his age, he clearly did not provide more than one-half (or any) of his own support. Therefore, the sole remaining question with respect to R.F. is whether he shared the same principal place of abode as petitioner for more than one-half of 2005.

Regarding this matter, we find petitioner's testimony highly credible. He offered to have his son testify (which the Court declined because of the boy's young age) that for 6 months of 2005 (the first 3 months and the final 3 months), while petitioner was at home and unemployed, R.F. lived with petitioner. During the other 6 months, April through October 2005, while petitioner was working as a landscaper, R.F. lived with Ms. Cervantes during the weekdays and with petitioner during the weekends. Thus, in aggregate, R.F. resided with petitioner full time for 6 months, and for 2 days of every week during the other 6 months. Hence, R.F. resided with petitioner for more than one-half of the year.

For the foregoing reasons, R.F. satisfies the requirements of section 152(c) to be petitioner's qualifying child for 2005,

and therefore petitioner is entitled to a dependency exemption deduction for R.F.

B. <u>Whether Ms. Flores Is a Qualifying Child</u>

Ms. Flores is petitioner's daughter, she became age 18 in 2005 and was therefore under age 19 at the close of the year, and she resided with petitioner for more than one-half (namely all) of 2005 as confirmed by the notarized letter from her mother, Ms. Gonzalez, and as conceded by respondent. The sole remaining issue then is whether because of her alleged earnings from her job at the bank Ms. Flores provided more than one-half of her own support. See sec. 152(c)(1)(D). We will now therefore apply the support test to Ms. Flores' situation.

With respect to the amount that Ms. Flores spent for her own support in 2005, we begin by noting that the record does not establish the amount Ms. Flores earned from her job at the bank or the amount she spent for her own support in 2005. Petitioner acknowledged that Ms. Flores worked for the bank; however, he also testified that he provided almost all of Ms. Flores' support for 2005 and that he encouraged her to save her earnings. We find petitioner's testimony credible.

Ms. Flores' situation bolsters petitioner's testimony. Ms. Flores was a senior in high school and needed to save money for college, which she began in 2006. She worked for a bank, making it convenient for her to save her wages. Petitioner paid for Ms. Flores' main needs: Housing, utilities, food, clothing,

entertainment, and transportation to and from school.  Ms. Gonzalez also provided her some minimal support, occasionally taking her shopping and giving her some spending money.

Respondent has not offered any evidence to refute petitioner's testimony.  Respondent in his pretrial memorandum stated that Ms. Flores filed a 2005 Federal income tax return reporting wages of $4,374.  Respondent later at trial conceded that Ms. Flores did not file a 2005 Federal income tax return. Respondent did not provide a transcript of account for Ms. Flores and did not produce a copy of a 2005 Form W-2, Wage and Tax Statement, for Ms. Flores from the bank where she worked during 2005.

Therefore, petitioner has met his burden, and respondent has not proved or even attempted to prove otherwise.  Accordingly, the weight of the evidence clearly favors petitioner's contention that Ms. Flores did not provide over one-half of her own support for 2005.

Consequently, because Ms. Flores meets all of the relevant requirements of a qualifying child under section 152(c), petitioner is entitled to claim her as a dependent for 2005.

II.  Filing Status

As pertinent here, head of household filing status requires that the taxpayer maintain a home that was the principal place of abode of a qualifying child for more than one-half of the year. Sec. 2(b)(1)(A).  Additionally, head of household filing status

is available only if the taxpayer furnished more than one-half of the cost of maintaining that residence.  Sec. 2(b).

Applying these requirements, we have already found that Ms. Flores was petitioner's qualifying child for 2005, she lived in petitioner's apartment for 9 months (April through December 2005), and petitioner furnished far more than one-half of the cost of maintaining his household.  Therefore, petitioner is entitled to head of household filing status for 2005.

III.  Refundable Child Tax Credit

Subject to adjusted gross income ceilings, not at issue here, a taxpayer is entitled to a $1,000 credit against tax for each qualifying child of the taxpayer.  Sec. 24(a).  For purposes of this section, a qualifying child means an individual under age 17 who is a qualifying child of the taxpayer as defined in section 152(c).  Sec. 24(c)(1).  The age restriction disqualifies Ms. Flores.  However, R.F. was age 4 in 2005 and satisfies the other requirements of a qualifying child under section 152(c).

Generally, a taxpayer may not claim the child tax credit if the taxpayer does not have a "regular tax liability".  Sec. 24(b)(3)(A); Richmond v. Commissioner, T.C. Memo. 2009-207. Petitioner's regular tax liability for 2005 was zero because his income was less than the combination of his standard deduction plus his deduction for three exemptions (himself and his two qualifying children).

Despite the above restriction, a separate provision allows a taxpayer to receive a refund of a portion of the child tax credit equaling 15 percent of the taxpayer's earned income that exceeds a certain floor. Sec. 24(d) (referring to section 32 for the definition of earned income). For 2005, the inflation adjusted floor was $11,000. Rev. Proc. 2004-71, sec. 3.04, 2004-2 C.B. 970, 972.

Petitioner's earned income in 2005 was solely from his wages of $8,735 because unemployment compensation, $4,000 in this case, is not earned income. See sec. 1.32-2(c)(2), Income Tax Regs. Accordingly, although petitioner did have one qualifying child, R.F., that satisfied the requirements of the child tax credit, petitioner did not have a regular tax liability to make him eligible for the credit and he did not have sufficient earned income to make him eligible for any part of the refundable portion of the child care tax credit. We sustain respondent on this issue.

## IV. Earned Income Credit

Individuals may be eligible for an earned income credit, calculated as a percentage of earned income, if they meet certain criteria. Sec. 32(a)(1). For purposes of qualifying for the earned income credit, an "eligible individual" is an individual who has a "qualifying child" for the taxable year. Sec. 32(c)(1)(A). In pertinent part, a "qualifying child" is a child

of the taxpayer that satisfies the requirements of section 152(c). Sec. 32(c)(3). As discussed above, Ms. Flores and R.F. are petitioner's qualifying children for 2005 under section 152(c). Therefore, petitioner is entitled to an earned income credit for 2005 calculated with two qualifying children. However, for purposes of the earned income credit, petitioner's earned income for 2005 was $8,735, not the $12,735 he reported, because $4,000 of petitioner's income was from unemployment compensation, which is not earned income. See Jones v. Commissioner, T.C. Memo. 1993-358; sec. 1.32-2(c)(2), Income Tax Regs.

To reflect our disposition of the issues,

Decision will be entered under Rule 155.