JOHN HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hall v. Commissioner
Docket No. 3340-74.
United States Tax Court
T.C. Memo 1976-124; 1976 Tax Ct. Memo LEXIS 274; 35 T.C.M. (CCH) 562; T.C.M. (RIA) 760124; April 22, 1976, Filed As amended July 9, 1976; decision vacated April 26, 1976. James D. O'Connell, *275 for the petitioner. Andrew B. Shaffer, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1972 Federal income tax of $2,753.24. The two issues for decision are: (1) whether petitioner is entitled to claim dependency deductions for his sister and for one of his nieces; and (2) whether petitioner is entitled to a deduction for a theft loss. FINDINGS OF FACT Petitioner, John Hall, filed an income tax return as a single individual in 1972. At the time he filed his petition, he resided in Detroit, Michigan.
Petitioner's sister, Eula, is paralyzed and has been confined to a wheelchair since infancy. She was 47 years old at the time of trial and has never been able to work. During much of 1972 she lived in Flint, Michigan. Petitioner contributed some funds for Eula's support in 1972. Petitioner also contributed some funds for the support of one of his nieces, Sandra Harris, in 1972. Sandra was 5 years old during 1972 and lived in Flint, Michigan with her family. On the evening of January 29, 1971, petitioner's home was burglarized. On the following day petitioner reported *276 the burglary to the police, and thereafter filed a claim with his insurance company. The insurance company asked petitioner to supply receipts and records substantiating his claim. Petitioner did not furnish the requested information to the company, and he testified that the company rejected petitioner's claim. He did not thereafter consider the possibility of suing the company. In 1974 petitioner received $1,500 from the insurance company on his claim. On his 1972 income tax return, petitioner claimed dependency deductions for Eula and Sandra, and claimed a theft loss of $5,287.95. Respondent denied these claims in their entirety. OPINION The first issue for decision is whether petitioner is entitled to dependency deductions for his sister and his niece in 1972. Before petitioner is entitled to any dependency deductions under sections 151 and 152, [1] he must prove that he contributed, during the tax year in issue, more than one half of the support for each of the persons he is claiming as a dependent.Sections 151(a) and (e); 152(a); section 1.152-1(a), Income Tax Regs.; Aaron F. Vance,36 T.C. 547, 549 (1961); E. R. Cobb, Sr.,28 T.C. 595 (1957). *277 Thus petitioner must show (1) the amount of support he furnished each dependent and (2) that such support constituted more than one-half of the total support each dependent received. James E. Stafford,46 T.C. 515 (1966). After reviewing the record in its entirety, we have concluded that petitioner has failed to sustain his burden of proof. He has not submitted any evidence from which we can infer the total support provided Eula or Sandra in 1972. Petitioner has also failed to show how much support he provided them. Furthermore, petitioner's testimony at trial is inconsistent with the facts stated on his 1972 return. On his return he claimed that Eula and Sandra lived with him 12 months in 1972. At trial he testified that they lived in Flint instead of in Detroit with him. On his return and at trial he claimed he provided 100 percent of the support of Eula and Sandra. Sandra lives with her family in Flint. Petitioner has not shown us who provides Sandra's housing. It is unclear with whom Eula lives. Petitioner's testimony was conclusory, vague *278 and internally inconsistent. We find his statement that he provided 100 percent of the support of Eula and Sandra incredible. Consequently, we hold that petitioner is not entitled to dependency exemptions for Eula and Sandra for 1972. The second issue for decision is whether petitioner suffered any theft loss in 1972, and, if so, in what amount. Section 165(a) allows deductions for any loss which is "sustained during the taxable year and not compensated for by insurance or otherwise." In the case of individual taxpayers, such as petitioner, the deduction is limited to certain types of losses, including theft losses. Section 165(c)(3). Petitioner contends that he suffered a theft loss in 1972 in the amount of $5,287.95. Petitioner asserts that, although 1971 was the year of the theft, 1972 was the year in which he ceased to have any reasonable prospects of recovering on his insurance claim and therefore is the appropriate year in which to deduct the theft loss.While respondent does not question the actuality of a theft, he contends that 1972 is not the proper year to deduct the loss. Respondent further contends that petitioner failed to prove the amount of his loss. We *279 agree with respondent's first claim and therefore do not reach the second. The regulations promulgated under section 165 amplify the statute and provide support for respondent's first contention. Under the regulations, the year of deductibility is the year of discovery of the loss, unless the taxpayer has submitted a claim for reimbursement with his insurer for which a reasonable prospect of recovery exists. Sections 1.165-1(d)(3), 1.165-8(a)(2), Income Tax Regs. Furthermore these facts must be evaluated from the perspective of the final day of the taxable year in issue. John E. Montgomery,65 T.C. 511, 519 (1975); Ramsay Scarlett & Co.,61 T.C. 795, 811 (1974), affd. 521 F. 2d 786 (4th Cir. 1975). Whether a reasonable prospect of recovery exists is a question of fact to be determined upon an examination of all the facts and circumstances.Furthermore, when a taxpayer contends that he has abandoned his claim and that the year of abandonment is the appropriate year for deducting the loss, he must be able to produce objective evidence, such as the execution of a release, to support that contention. Section 1.165-1(d)(2)(i), Income *280 Tax Regs. Petitioner does not question the validity of these regulations. The burden of establishing that no reasonable prospect of recovery exists lies with petitioner. Frank Hudock,65 T.C. 351, 361 (1975); Louis Gale,41 T.C. 269 (1963). The determination of whether a reasonable prospect of recovery exists is an objective, rather than a subjective, inquiry. Parmelee Transportation Company v. United States,351 F. 2d 619, 628 (Ct. Cl. 1965); Ramsay Scarlett & Co.,supra at 811. Thus the opinion of petitioner's counsel is not by itself sufficient to establish that no reasonable prospect of recovery exists. Also, the petitioner does not meet his burden merely by showing that the insurance company has denied liability. Louis Gale,supra at 276. In considering petitioner's claim, we have evaluated the evidence from the vantage point of December 31, 1972. Based on our inspection, we have concluded that petitioner has failed to meet his burden of proof as to the year of deductibility. He has failed to submit any evidence establishing the date on which his claim was filed. He also *281 has failed to prove when his claim was rejected. His testimony as to dates was vague, indefinite, and internally inconsistent. The only definite date in the record is the date of the burglary, January 29, 1971. Thus petitioner had almost eleven months in 1971 in which to have his claim processed.He has accounted for none of these months. Even if we assumed that the year in which petitioner's claim was rejected is the year in which his reasonable prospects of recovery ended, that year could very easily have been 1971, not 1972. Furthermore, although there is evidence that the insurance company rejected petitioner's claim, it is by no means clear that the company formally denied liability. Petitioner's testimony is far more consistent with the theory that the insurance company, in asking for receipts for the items stolen, was merely asking for some type of substantiation of loss prior to making its final determination. Petitioner also has not submitted any evidence dispelling the possibilities that the rejection was specious, that it was merely the first step in a negotiated settlement, that it solely reflected a dispute as to amount, or that it was a delaying tactic to acquire *282 more time for investigation. Cf. Louis Gale,supra at 276. Petitioner has given us no evidence from which we could conclude that rejection by his insurer marked the moment when petitioner no longer had reasonable prospects for recovery. Petitioner also has submitted no objective evidence from which we could infer that he abandoned his claim in 1972, such as a release. Petitioner received a payment from his insurer in 1974. We recognize that this payment does not necessarily instruct us as to prospects of recovery in 1972. John E. Montgomery,65 T.C. 511, 519 (1975).Petitioner, however, has failed to submit sufficient factual details to permit us to conclude that the 1974 payment came as a surprise rather than the culmination of efforts stretching back into 1971 or 1972. We conclude that petitioner was not entitled to take a theft loss deduction in 1972. We make no judgment as to what year petitioner may deduct his loss. It may well be that the year of partial payment, 1974, is the appropriate year for claiming the loss. But we would need more facts than we have been given here before we could determine the appropriate year. *283 Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩