ALAN W. CHAMPLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Champlin v. Commissioner
Docket No. 8516-81.
United States Tax Court
T.C. Memo 1983-40; 1983 Tax Ct. Memo LEXIS 744; 45 T.C.M. (CCH) 567; T.C.M. (RIA) 83040; January 24, 1983. Alan W. Champlin, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioner's Federal *745 income tax for the calendar year 1977 in the amount of $923. The issues for decision are as follows: (1) Whether for dependency exemption purposes petitioner provided more than one-half of the support for his three children. (2) Whether petitioner is entitled to excess itemized deductions in an amount greater than that allowed by respondent in the notice of deficiency. Both issues are strictly factual. In order to facilitate our disposition of them, we will combine the findings of fact and opinion as to each. Some of the fact have been stipulated and are found accordingly. Petitioner resided in Billings, Montana at the time that he filed his petition in this case. He filed a Federal income tax return for the calendar year 1977 with the Internal Revenue Service Center at Kansas City, Missouri. Issue 1. Dependency Exemptions
On his 1977 income tax return petitioner claimed his three children as dependency exemptions. Respondent disallowed the exemptions on the ground that petitioner failed to establish that he provided more than one-half of the children's support for the year in question. Apart from the issue of support, respondent does not question that the *746 children qualified as petitioner's "dependents" within the meaning of section 152(a). [1]
Petitioner married in 1969 and had three children. In October 1977 his wife Veronica filed suit for divorce. In July 1978 a decree was entered dissolving the marriage and awarding custody of the children to Veronica. Throughout most of 1977 petitioner lived with Veronica and the children. However, in early November he was enjoined from entering the family residence. Thereafter he lived apart from his family, with the children continuing to reside with Veronica. During 1977 petitioner was employed by the North Iowa Community Action Organiation and received wages in the amount of $12,706. His only other income was interest in the amount of $24. During 1977 Veronica was also employed and received wages in the amount of $16,378. In addition she received sick pay in the amount of $595. Until October or November 1977 petitioner and Veronica maintained a joint checking account to which they deposited their earnings and from *747 which they paid their expenses, including the support of the children. Petitioner and Veronica filed separate returns for 1977. Both claimed the three children as dependents. Respondent apparently allowed the exemptions to Veronica and, as previously stated, disallowed them to petitioner. Section 151(e) allows exemptions for dependents if certain tests are satisfied. One such test requires that the texpayer provide more than one-half of the support for the individual who is claimed as a dependent. [2] See section 152(a). The taxpayer bears the burden of establishing that he or she is entitled to the exemptions claimed. Welch v. Helvering,290 U.S. 111, 115 (1933); Stafford v. Commissioner,46 T.C. 515, 517-518 (1966); Rule 142(a), Tax Court Rules of Practice and Procedure.
*748 We think petitioner has failed to carry his burden of proof. He introduced no evidence of either the total amount expended for the children's support or the amount he provided. [3] In fact, at trial he was asked by the Court whether he knew how much was expended for their support or how much he provided. He stated that he did not know. He was also unable to even provide estimates of these amounts.
Petitioner testified that he repeatedly attempted to obtain relevant information from Veronica and his bank but was unsuccessful. Although we sympathize with him as to the difficulty of his position, the fact remains that he has not established that he provided more than half of his children's support in 1977. Therefore, we sustain respondent's determination. *749 Issue 2. Excess Itemized Deductions
On his 1977 income tax return petitioner claimed excess itemized deductions in the amount of $1,001. In the notice of deficiency respondent determined that petitioner was only entitled to excess itemized deductions in the amount of $228 and disallowed the balance. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). An important corollary to this principle is that it is the taxpayer's burden to establish that he or she is entitled to the deductions claimed. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. This burden also includes substantiating the amount of the deductions claimed. Hradesky v. Commissioner,65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Petitioner introduced no evidence whatsoever on this issue. Respondent's determination is therefore sustained. To reflect our conclusions, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. A special test is provided by section 152(e) in the case of children of divorced parents. The special test applies, however, only if certain conditions are satisfied. One such condition is that the parents must be either divorced, legally separated under a decree of divorce or separate maintenance, or separated under a written separation agreement. See section 152(e)(1); section 1.152-4(a), Income Tax Regs. See also Bowens v. Commissioner,T.C. Memo. 1969-271↩. Here petitioner and Veronica were not divorced until 1978. Moreover, the record does not indicate that in 1977 they were either legally separate under a decree of divorce or separate maintenance or separated under a written separation agreement. Accordingly, the support test discussed above in the text provides the rule for decision.
3. In this regard see section 1.152-1(a)(2)(i), Income Tax Regs., which provides in part as follows: For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources * * *↩