T.C. Summary Opinion 2001-89

UNITED STATES TAX COURT

DARRELL D. REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4718-99S.                    Filed June 21, 2001.

Darrel D. Reed, pro se.

<u>A. Gary Begun</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioner's Federal income taxes for 1995 and 1996 in the amounts of $2,433 and $2,963, respectively. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head of household status; and (3) whether petitioner is entitled to earned income credits. Adjustments to the standard deduction are computational and will be resolved by the Court's holding on the issues in this case.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Detroit, Michigan.

Petitioner lived in a 3-bedroom apartment during 1995 and 1996. During these years, petitioner assisted, as needed, a number of individuals with food, clothing, and shelter. Petitioner was employed as a computer operator by First Independence National Bank of Detroit during the years at issue.

During 1995 and 1996, petitioner was in a relationship with Thomasina Hunter (Ms. Hunter). Ms. Hunter and petitioner were never married. Although Ms. Hunter did not live with petitioner, petitioner alleges that Ms. Hunter's daughters from a prior relationship, Shalethia Hunter and Shanae Hunter (collectively the children), resided with him during the years at issue. At all times relevant, the children were minors.

Although it appears that Ms. Hunter had full custody of the children, there is scant evidence in the record as to her employment history during the years at issue. According to petitioner, Ms. Hunter received public assistance during these years. Ms. Hunter had a total of five children, including Shalethia and Shanae, although the record is unclear as to the other children's residence during the years at issue.

Petitioner testified that the children lived with him from 1995 through the spring of 1997, when his relationship with Ms. Hunter ended. Petitioner paid for the children's school supplies and some clothes; however, other relatives also assisted in purchasing their clothing. Petitioner took the children to school, and, on occasion, Sean Elms (Mr. Elms) watched them after school if petitioner worked during the afternoons. Petitioner further testified that he did not receive any monetary contributions from Ms. Hunter for the children's support.

Mr. Elms, a close family friend, also resided with petitioner during the years at issue. Petitioner claimed Mr. Elms as a "step-brother" although the record is clear that there is no legal relation between petitioner and Mr. Elms. Mr. Elms was not employed during the years at issue, and petitioner provided some financial support for Mr. Elms, primarily in the form of food and shelter. Mr. Elms did not receive public assistance during the years at issue.

Petitioner did not provide the Court with documentation of the amounts paid to substantiate the support provided to the children and Mr. Elms. Petitioner testified that "all my records for expenses were destroyed in a disaster in '98". However, the parties have stipulated that petitioner paid $4,200 and $4,320 in rent for 1995 and 1996, respectively.

On petitioner's respective 1995 and 1996 Federal income tax returns, he claimed dependency exemption deductions for the children and Mr. Elms, head of household filing status, and earned income credits. For each year, respondent disallowed the dependency exemption deductions because petitioner failed to establish that he was entitled to the exemptions. As a result of the disallowance, respondent further determined that petitioner's filing status was single, not head of household, and also disallowed the earned income credits.

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. As relevant here, a "dependent" is defined in section 152(a) as an individual "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer". In order to prevail, petitioner must show by competent evidence: (1) The total support provided for each individual claimed, and (2) that he provided more than half of

such total support.  The amount of total support may be reasonably inferred from competent evidence.  See Stafford v. Commissioner, 46 T.C. 515, 518 (1966).  However, where the amount of total support of an individual during the taxable year is not shown, and cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer has contributed more than one-half.  See Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

The record based solely on petitioner's claimed contributions is incomplete.  Petitioner did not present evidence to reconstruct the dollar amount of the total support for the individuals claimed for the years at issue.  Total support includes, inter alia, the cost of food, clothing, education, household utilities, or home repair expenses necessary to maintain the household in 1995 and 1996.  See Smith v. Commissioner, T.C. Memo. 1997-544; sec. 1.152-1(a)(2)(i), Income Tax Regs.  Although petitioner claims that his records were destroyed in "a disaster in '98" he has not provided any details of such disaster or what records were destroyed which could substantiate his expenses.  We find petitioner's testimony vague, incomplete, and self-serving.  It is well settled that we are not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence.  See Niedringhaus v.

Commissioner, 99 T.C. 202, 212 (1992).

Furthermore, it is reasonable to infer that Ms. Hunter may have contributed a modicum amount to the support of her children. Ms. Hunter received public assistance during the years in issue, and without these amounts or additional amounts she may have received from her extended family we are unable to determine the total support available to the children by all able parties. Ms. Hunter did not testify at trial.

By failing to establish the total amount of support provided to the children from all sources, including Ms. Hunter's public assistance, we are unable to conclude that petitioner provided more than one-half of the children's total support during the years in issue. Furthermore, as to Mr. Elms, there is no corroborating evidence to substantiate petitioner's claimed dependency deduction. Therefore, we hold that petitioner is not entitled to section 151 dependency exemption deductions for the 1995 and 1996 tax years. Respondent is sustained on this issue.

Head of Household Status

According to the relevant part of section 2(b), an individual shall be considered a head of household if such individual (1) is not married at the close of the taxable year and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of an individual who is a dependent of the taxpayer, if the

taxpayer is entitled to a deduction of the taxable year for such person under section 151.

Because we held above that petitioner is not entitled to a deduction for the children under the provisions of sections 151 and 152, petitioner is not entitled to head of household status.[1] Therefore, respondent is sustained on this issue.

Earned Income Credit

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a "qualifying child". A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3).

Under the relationship test, the qualifying child must be a son or daughter, a stepson or stepdaughter, or a foster child of the taxpayer. See sec. 32(c)(3)(A). On his returns, petitioner claimed the children as stepdaughters. We disagree with petitioner's characterization. Petitioner was never married to the children's mother, nor was he ever recognized as their legal guardian.

To be considered an "eligible foster child", petitioner must

---

[1] A taxpayer will not be considered to be a head of household by reason of an individual who would not be a dependent for the taxable year but for sec. 152(a)(9). See sec. 2(b)(3)(B)(i). Thus, even if we had held that petitioner is entitled to dependency exemption deductions for Mr. Elms, petitioner would still not qualify as a head of household.

show that he cared for each child as his own child, and that each child had the same principal place of abode as petitioner for the entire taxable year.  See sec. 32(c)(3)(B)(iii).

Petitioner has failed to offer any evidence showing that his residence was the principal place of abode for the children other than his self-serving testimony.  He did not have legal custody of the children, nor did he offer any documentation corroborating that they lived in his household during any part of the years in issue.  This Court has previously recognized that the language of section 32 shows Congress' intent for the earned income credit to be offered only to parents actually caring for children.  See Smith v. Commissioner, supra.  Accordingly, we find that the children were not the foster children of petitioner.  Because petitioner has failed to meet the relationship test under section 32, it is not necessary to analyze the age or identity factors of section 32.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.