E. R. COBB, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61219. Filed May 31, 1957.

*E. R. Cobb, Sr., pro se.*
*Frederick T. Carney, Esq.,* for the respondent.

OPINION.

LeMire, *Judge:* The only question presented is the factual one as to whether petitioner furnished more than one-half the cost of the support of his two children in 1954. The applicable statutory provisions are contained in sections 151 and 152 of the Internal Revenue Code of 1954.[1] So far as pertinent here, the foregoing provisions of the 1954 Code are the same as those contained in section 25 (b) of the 1939 Code.

The burden is upon petitioner to establish that in the taxable year involved the amounts furnished constitute more than one-half the cost of the support of the dependents for whom the credit is claimed. Where the parties are divorced and the children are living with the former wife, as here, the duty of establishing the aggregate cost of support is rendered the more difficult.

Petitioner, a pipefitter, appears *pro se,* and he was the only witness. The evidence presented was largely elicited through the assistance of the Court. Petitioner's testimony was refreshingly frank and truthful. The respondent does not question that petitioner contributed to the support of his children the amount of $1,711, and in addition, he maintained the two children in his home for a period of 5 weeks.

Petitioner was unable to establish the precise amount which the former wife contributed to the support of their children. Nevertheless, the evidence as to her income, the manner in which she lived, and the other circumstances shown by the record, convince us that petitioner has carried the burden of showing that he furnished more than one-half the cost of the support of the two children in the taxable year 1954, and we have so found as a fact.

Due to other adjustments,

*Decision will be entered under Rule 50.*

---

[1] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\* \* \* \* \* \* \*

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

\* \* \* \* \* \* \*

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

\* \* \* \* \* \* \*

(3) CHILD DEFINED.—For purposes of paragraph (1) (B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer) :

(1) A son or daughter of the taxpayer, or a descendant of either,