JAMES E. STAFFORD AND PATRICIA L. STAFFORD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4410–64. Filed July 22, 1966.

*Richard G. Snell,* for the petitioners.
*Richard M. Schwartz,* for the respondent.

DRENNEN, *Judge:* Respondent determined a deficiency in the Federal income tax of petitioners for the year 1962 in the amount of $540. The only issue for decision is whether petitioners are entitled to dependency exemptions with respect to three minor children in 1962 pursuant to section 151(e), I.R.C. 1954.[1]

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioners are husband and wife and reside in Dayton, Ohio. Petitioners filed their Federal joint income tax return for the year 1962 with the district director of internal revenue, Cincinnati, Ohio.

Petitioner James E. Stafford (hereinafter referred to as James) had previously been married to Jean Stafford Pritchard (hereinafter referred to as Jean) from December 10, 1945, until that marriage was

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.

terminated on May 16, 1957, by a decree of divorce entered in the District Court of Shawnee County, Kans. Three children were born of that marriage, namely: Susan, born August 12, 1952; Mary, born April 6, 1948; and Lucinda, born September 6, 1946. The divorce decree provided in part that Jean was to have custody and control over the children. James was granted reasonable rights of visitation with the minor children, and he was ordered to pay $125 per month for the children's support, maintenance, and education.

After their divorce both James and Jean remarried, and in 1962 the three children lived with Jean and her new husband in Topeka, Kans., except for 2 weeks in the summer when the children stayed with petitioners in Dayton, Ohio.

In 1962, James furnished the following total amounts for the support of the three children:

Lucinda _____ $800
Mary _____ 800
Susan _____ 750

These payments consisted of the following individual items:

| | Lucinda | Mary | Susan |
|---|---|---|---|
| Summer visiting expenses | $22.03 | $20.41 | $29.32 |
| Miscellaneous | 17.00 | 17.00 | ------------ |
| Medical | 25.67 | 25.67 | 35.68 |
| Clothing | 39.90 | 41.52 | 26.00 |
| Gifts | 25.00 | 25.00 | 15.00 |
| Transportation expenses | 70.40 | 70.40 | 44.00 |
| Child support [1] | 600.00 | 600.00 | 600.00 |
| Total | 800.00 | 800.00 | 750.00 |

[1] Although it is clear from the record that the amount of support payments was raised, there is no direct evidence as to the amount or date of the increase.

In 1962, Lucinda was 16 years old, Mary was 14, and Susan was 10. James visited his children in Topeka in September 1962, talked with them by telephone three or four times that year, and on occasion corresponded with them on an individual basis by letter.

James wrote Jean in February 1966 in an effort to ascertain how much she had spent in support of the three children in 1962, but he received no reply to this letter. In 1962 the children lived with Jean and her new husband in a rather large, old two-story brick house in a residential section of Topeka, Kans. James observed, when he visited the children in that year, that the house was adequately furnished, and that the children were adequately (although not pretentiously) dressed. The children attended local public schools, and Lucinda earned money as a result of her part-time employment and purchased some of her own clothes. Some medical bills for minor expenses incurred by the children were forwarded to James, and he paid them. James knew of no serious illnesses that any of the children had in 1962.

Jean's new husband worked for the State of Kansas in 1962, and Jean was engaged in real estate sales work at that time. James did not have any knowledge of how much Jean or her new husband earned. Nor did James have any direct knowledge of what items of support were provided for the children by Jean and her husband nor how much they spent for any such items. James did not know what the total cost of support for the three children was for the year 1962, nor did he present sufficient evidence from which it could be inferred.

OPINION

The issue for decision is whether petitioners are entitled to dependency exemptions under section 151 (a) and (e)[2] for Lucinda, Mary, and Susan in 1962.

As applied in this context, section 152(a)[3] defines the term "dependent" as meaning a daughter of the taxpayer over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer. The parties stipulated the amounts furnished by James for the support of each of his three daughters. The parties also agree that the crux of this case lies in a determination as to whether petitioners have established the total support for each of the three children so that we may decide whether James' contributions exceed one-half of this amount. *Aaron F. Vance*, 36 T.C. 547 (1961); *Bernard C. Rivers*, 33 T.C. 935 (1960). Although the question is primarily one of fact, a taxpayer is not precluded from being entitled to a dependency exemption simply because he is not able to prove *conclusively* the total cost of the child's support. *E. R. Cobb, Sr.*, 28 T.C. 595 (1957); *Russell W. Boettiger*, 31 T.C. 477 (1958). Cf. *Commissioner* v. *Mendel*, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32. Where the evidence is convincing that the taxpayer has furnished more than one-half of the child's support, a dependency exemption will be allowed. *Russell W. Boet-*

---

[2] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\* \* \* \* \* \*

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

\* \* \* \* \* \* \*

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins \* \* \*

\* \* \* \* \* \* \*

(3) CHILD DEFINED.—For purposes of paragraph (1)(B), the term "child," means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.

[3] SEC. 152(a). GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer):

(1) A son or daughter of the taxpayer, or a descendant of either,

*tiger, supra; Theodore Milgroom,* 31 T.C. 1256 (1959). However, where there is no evidence as to the total amount expended for support of the child during the taxable year and no evidence from which it can reasonably be inferred, it is not possible to conclude that the taxpayer has contributed more than one-half. *James H. Fitzner,* 31 T.C. 1252 (1959) ; *Aaron F. Vance, supra.*

The only conclusive evidence we have as to the total cost of supporting the children is the amounts expended by James, and yet it is clear from the record that Jean and her new husband also expended funds for the children's support.

Petitioners argue that a diligent effort was made to obtain information from Jean as to the total support furnished by her in 1962, but these efforts were fruitless, and thus an estimate of the total cost of support is the best that can be expected. Although we sympathize with petitioners as to the difficulty of their position, we are unable to conclude that they have successfully carried their burden of proof, regardless of the alleged noncooperative conduct on the part of Jean. James attempted to approximate the individual items that might be expected to enter into a computation of the total cost of support, but this itemization was not complete, and unfortunately little, if any, weight can be given to these approximations, which amount to little more than speculative guesses.

Petitioners recognize on brief that they have been unable to prove the total cost of support of the children, but rely almost exclusively on the Court of Appeals' opinion in *Commissioner* v. *Mendel, supra,* as establishing an exception to the rule requiring such proof in difficult cases, and contend that such exception should be applied here. We do not read the opinion of the Court of Appeals in that case as establishing any new rule or exception to be used in these cases. In fact the opinion concludes with the statement that "the case at bar is like Theodore Milgram [Milgroom], 31 T.C. 1256 (1959) ; and E. R. Cobb, Sr., 28 T.C. 595 (1957), where eligibility to claim the dependency exemption was upheld and distinguishable from Bernard C. Rivers, 33 T.C. 935 (1960)." This recognizes that it is a question of proof in each individual case and, sympathetic as we may be with James in this case and having no doubts as to the sincerity of his testimony, we cannot find that he has presented us with enough positive evidence of the total cost of supporting the children to conclude that the amounts he expended for the support of his children in 1962 constituted more than one-half of the total.

*Decision will be entered for the respondent.*