VIRGINIA R. CINNAMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cinnamon v. Commissioner
Docket No. 5137-77
United States Tax Court
T.C. Memo 1978-118; 1978 Tax Ct. Memo LEXIS 396; 37 T.C.M. (CCH) 533; T.C.M. (RIA) 780118; March 27, 1978, Filed Virginia *397 R. Cinnamon, pro se. John R. Dorocak and Robert N. Armen, Jr., for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $318.64 in petitioner's Federal income tax for 1974. The issues for decision are: 1. Whether petitioner is entitled to a claimed dependency exemption for her brother; 2. Whether petitioner is entitled to use the head of household rates in computing her tax; and 3. Whether petitioner is entitled under section 162 [1] to a $92 deduction for "work shoes." FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time she filed her petition, petitioner was a resident of Cleveland, Ohio. In 1974 petitioner was a teacher in the Cleveland public school system and taught "Listening Post," a remedial reading program for children ages six through nine. Petitioner is well-educated, with a Bachelor of Science in Education and a Master of Arts in Eduction. In addition, she has taken nondegree courses at four universities *398 in Africa as well as one university in this country. During the year in issue petitioner's brother lived with her in her house in Cleveland. He was over 60 years old and had retired, and his basic source of income was Social Security. Petitioner estimated that he received "[a] little bit over $200 a month" in Social Security benefits. Petitioner purchased shoes with a "rather heavy composition kind of sole" in 1974. She used these shoes in the school gym and in the halls at the school. These shoes were suitable for personal use. On her return for 1974, petitioner claimed a dependency exemption for her brother; she indicated on the return that she had spent $2,400 towards his support. She also claimed a $92 deduction for work shoes. Petitioner used the head of household rates in calculating her tax. In the statutory notice, respondent disallowed both the dependency exemption and the deduction for work shoes, and further determined that petitioner was not entitled to use the head of household rates. OPINION The first issue is whether petitioner is entitled to a dependency exemption for her brother. Her brother, who was retired and received Social Security benefits, *399 lived with her in 1974. In order to be entitled to the claimed dependency exemption, petitioner must prove that she contributed more than one-half of the support for her brother in 1974. Sections 151(a) and (e); section 152(a). Thus petitioner must show (1) the amount of support she furnished to her brother and (2) that such support constituted more than one-half the total support he received that year. Stafford v. Commissioner,46 T.C. 515, 517-518 (1966). The burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
We conclude that petitioner has satisfied neither of the two requirements. The only evidence she offered of the amount of her support was her own testimony, which was both inconsistent and inconclusive. Petitioner failed to submit any documentation during trial or after trial during the 10-day period in which the record in this case was held open, at her request, for precisely that purpose. [2]
*400 Petitioner has also failed to establish that she contributed more than one-half of the total support received by her brother in 1974. According to her testimony at trial her brother received in excess of $2,400 in Social Security benefits that year, but she claimed on her return that her share of his support was only $2,400. See section 1.152-1(a)(2)(ii), Income Tax Regs.[3] Further, without credible proof of the amount of her expenditures (and with her own admission that her brother received Social Security benefits), we cannot find that petitioner provided him with more than one-half of his support. Accordingly, we hold that petitioner is not entitled to the claimed dependency exemption. *401 The second issue is whether petitioner is entitled to use the head of household rates in computing her tax liability for 1974. To use these rates, petitioner must fit within the definition of a "head of a household" provided in section 2(b)(1). [4] For purposes of this case, that section provides that petitioner is the "head of a household" only if she is entitled to a dependency exemption for her brother. Since we have held that petitioner is not entitled to such an exemption, she is also not entitled to use the head of household rates. *402 The final issue is whether petitioner is entitled under section 162 to a deduction of $92 for "work shoes." In 1974 she purchased shoes with "a heavy composition kind of sole"; she apparently purchased this type of shoe because they were more comfortable to wear when teaching gym or walking in the school halls. Petitioner's contention that she is entitled to deduct the cost of these shoes is unmeritorious for two reasons. First, she has not established that she purchased shoes "which are required for employment and which are not suitable for general or personal wear." Kennedy v. Commissioner,29 TCM 255, 257, 39 P-H Memo T.C. par. 70,058 at 70-291 (1970), affd. 451 F. 2d 1023 (3d Cir. 1971) cert. denied 406 U.S. 920 (1972). See Rev. Rul. 70-474, 1970-2 C.B. 35. In fact, the evidence indicates that petitioner purchased these shoes precisely for the reason that they were suitable for personal use. Second, petitioner has not presented any credible evidence as to the amount she expended for these shoes. Her testimony about their cost was vague, contradictory, and not credible. Again, she failed to submit any documentation of *403 the amount she had expended for the shoes during the period in which the record was held open for that purpose. She has not carried her burden of proving that she is entitled to any deduction for the cost of shoes purchased. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue.↩
2. Petitioner submitted a letter to the Court in which she stated that her brother received $163.70 per month in Social Security benefits. This statement, unsupported by documentation, contradicts her testimony at trial. We have considered it for what it is worth in reaching our decision.↩
3. This section provides: (ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as benefits received under the Social Security Act (42 U.S.C. ch. 7). For example, a father receives $800 Social Security benefits, $400 interest, and $1,000 from his son during 1955, all of which sums represent his sole support during that year. The fact that the Social Security benefits of $800 are not includible in the father's gross income does not prevent such amount from entering into the computation of the total amount contributed for the father's support. Consequently, since the son's contribution of $1,000 was less than one-half of the father's support ($2,200) he may not claim his father as a dependent.↩
4. Section 2(b)(1) provides: In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either-- (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of-- (i) a son, stepson, daughter, or stepdaughter of the taxpayer, or a descendant of a son or daughter of the taxpayer, but if such son, stepson, daughter, stepdaughter, or descendant is married at the close of the taxpayer's taxable year, only if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or (B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151. For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩