ROBERT J. PERKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
PERKINS v. COMMISSIONER
Docket No. 449-77.
United States Tax Court
T.C. Memo 1978-335; 1978 Tax Ct. Memo LEXIS 177; 37 T.C.M. (CCH) 1378; August 25, 1978, Filed Robert J. Perkins, pro se. Steven Brown, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge *178 : Respondent has determined a deficiency of $444.81 in petitioner's Federal income tax for the year 1975. The following issues are for our decision: 1. Whether petitioner is entitled to dependency exemptions for his brother, sister, and niece. 2. Whether petitioner qualifies as the head of a household for purposes of computing his tax. 3. Whether petitioner is entitled to a deuction for medical expenses in excess of the amount allowed for medical insurance (subject to the limitations of section 213). [1]
4. Whether petitioner is entitled to a deduction for interest expenses in excess of the amount allowed in the notice of deficiency. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioner, Robert J. Perkins, resided in Chicago, Illinois, on the date the petition was filed herein. He timely filed his Federal income tax return for the year 1975 with the Internal Revenue Midwest Service Center at Kansas City, Missouri. *179 Petitioner was unmarried during the year in issue. He maintained and occupied a five-room house in Chicago in which his brother, sister, and niece resided at various times during 1975. Petitioner's brother, Charles L. Perkins [Charles], was approximately 25 years old in 1975. Charles dropped out of medical school in November 1974, and came to live with petitioner at the beginning of 1975. He was unemployed throughout the year 1975 and lived with petitioner for almost the entire year. During 1975, Charles received a $1,000 loan from his father, and borrowed money from petitioner as the need for it arose. Petitioner's sister, Bertha Perkins [Bertha], was 22 years old in 1975. Sometime during the end of June or the beginning of July of that year, Bertha came to live with petitioner and remained there throughout the remainder of the year. Prior to this time, Bertha had been living with her Aunt. On or about November 1, 1975, Bertha gave birth to a daughter. In addition to providing meals and lodging, petitioner paid some of the medical expenses incurred by his sister. Bertha was employed during the first two months of 1975 and had some savings from which she purchased *180 clothing for herself and for her baby. On his income tax return for the year 1975, petitioner used the head of household rates in computing his Federal income tax. Although petitioner did not claim dependency exemptions on his tax return for his brother, sister, and his sister's baby, he claimed them on his petition to this Court. In addition, petitioner claimed a medical expense deduction for his sister and her baby and a deduction for various interest expenses. In his statutory notice of deficiency, respondent disallowed the deductions for the claimed medical expense and a portion of the interest expense. He further determined that petitioner was not entitled to use the head of household rates. Respondent recomputed petitioner's tax using the individual taxpayer rates, and allowed petitioner the standard deduction, which exceeded the itemized deductions allowed by respondent. OPINION Petitioner claims he is entitled to dependency exemptions for his brother, sister, and niece since he was their principal source of support for the year 1975. Respondent asserts that petitioner has failed to prove that he has satisfied all the requirements of sections 151 and 152, and is *181 therefore not entitled to the claimed dependency exemptions. Section 151(e)(1)(A) allows an exemption for each dependent but (with certain exceptions not here applicable) only if the claimed dependent's "gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750." Section 152 defines the term "dependent" to include certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Petitioner must show the amounts he contributed to the support of these three individuals and that these amounts constituted more than one-half of their total support. Stafford v. Commissioner,46 T.C. 515, 517-518 (1966). The burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We conclude that petitioner has failed to meet his burden of proof. Petitioner testified on his own behalf at the trial of this case. He presented no documentary evidence from which we could make any finding that he furnished more than onehalf of the total support for his brother, sister, *182 and niece. In addition, petitioner's brother testified generally as to the amounts petitioner expended on his and his sister's behalf during the taxable year in issue. However, this testimony was vague and inconsistent. Further, no evidence regarding Bertha's earnings or any amounts of support that she may have received from welfare assistance, from unemployment compensation, from her Aunt, or from savings, was introduced. Therefore, we are unable to ascertain the total support for either Charles or Bertha for 1975, nor what portion of it was provided by petitioner. Similarly, we do not know what portion of the support for Bertha's baby was provided by petitioner. Consequently, because "there is no evidence as to the total amount expended for support * * * during the taxable year and no evidence from which it can reasonably be inferred, it is not possible to conclude that the taxpayer has contributed more than one half." Stafford v. Commissioner,supra at 518. Petitioner claims he is entitled to compute his 1975 tax using the head of household rates as applicable under section 2(b)(1). This section defines a head of household to include an unmarried individual *183 who maintains as his home a household for certain related individuals whom he may claim as a dependent under section 151 during the taxable year. [2] Since we have held that petitioner's brother, sister, and niece did not qualify as petitioner's dependents, we must also sustain respondent's determination that petitioner is not entitled to compute his tax using the head of household rates. Petitioner contends that he is entitled to a medical expense deduction for amounts he expended on behalf of his sister and her baby during 1975. In his statutory notice of defiicency, respondent disallowed the amount in its entirety [3] "since the medical expense was not paid for yourself, your spouse, or your qualified dependent." *184 Section 213 permits a taxpayer to deduct (with certain limitations) amounts paid during the taxable year "for medical care of the taxpayer, his spouse, and dependents (as defined in section 152)." The record clearly indicates that most of the medical expenses were incurred for the care of petitioner's sister and her baby. [4] Since we have found that they did not qualify as petitioner's dependents, he cannot deduct these expenditures under section 213. The remaining issue for our consideration is whether petitioner is entitled to an interest expense deduction in excess of the amount allowed in the notice of deficiency. Petitioner claimed interest expenses for 1975 in the amount of $1,650. Respondent has allowed $930.44 of these expenses claimed on the return for mortgage interest. Petitioner presented no receipts, no checks, nor did he offer any testimony of what the remaining *185 interest represented, other than a vague reference to some charge accounts. Additionally, the income tax return itself does not in any way identify the nature of the disallowed interest. For this reason, respondent must be sustained on the interest deduction for lack of substantiation. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. Petitioner must also prove that he maintained as his home a household for the entire year which constituted the principal place of abode of a dependent. Prendergast v. Commissioner,57 T.C. 475 (1972), affd. 483 F. 2d 970↩ (9th Cir. 1973).
3. At the trial herein, respondent conceded that petitioner paid the amount of $329 for deductible medical insurance. The balance of the medical expense deduction claimed by petitioner remains at issue.↩
4. The Court received into evidence a letter from Bertha Perkins which summarized the medical expenses petitioner incurred during 175 for the care of herself and her baby. Petitioner offered no testimony to otherwise suggest that any portion of the claimed medical expense was for his own medical care.↩