T.C. Summary Opinion 2001-11

UNITED STATES TAX COURT

THADDEUS D. HOLLINGSWORTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8957-99S.                    Filed February 7, 2001.

Thaddeus D. Hollingsworth, pro se.

<u>Robert S. Scarbrough</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

Respondent determined deficiencies in petitioner's Federal income taxes for 1995, 1996, and 1997 in the amounts of $3,608, $2,846, and $3,505, respectively. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for his two sons; (2) whether petitioner is entitled to head of household status; and (3) whether petitioner is entitled to earned income credits.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence at trial are incorporated herein by this reference. At the time the petition was filed, petitioner lived in Seattle, Washington.

Petitioner has two minor sons: Thaddeus S. Hollingsworth, born on November 24, 1982, and Malcolm R. Hollingsworth, born on July 10, 1984 (collectively the children). Petitioner and Celia Smith (Ms. Smith), the children's mother, were never married. They agreed, however, that Ms. Smith would have legal custody of the children. They further agreed that the children would stay with petitioner on the weekends and during the summer months. Under the supervision of the Department of Child Services, petitioner is required to pay child support of approximately $400 per month.[1]

---

[1] The record shows that petitioner has been in arrears in all years in issue.

The children lived with Ms. Smith in a 1-bedroom apartment in 1995 and then a 2-bedroom apartment with Ms. Smith and her mother in 1996 and 1997.  Although Ms. Smith had full custody of the children, there is scant evidence in the record as to her employment history during the years in issue.  Ms. Smith received public benefits during some months throughout the years in issue.

In 1995, petitioner worked as a janitor and part-time bus driver.  In 1996 and 1997, petitioner worked full-time as a janitor for Dependable Building Maintenance.  Petitioner lived in the basement of his brother's 4-bedroom home during 1995.  During the weekends and summer months, the children also lived with petitioner in his brother's home.  Petitioner paid $300 per month in rent.  In 1996 and 1997, petitioner moved into a 2-bedroom apartment near Ms. Smith.  Petitioner paid for the children's meals, school clothing, and some additional child support.  When the children stayed with him, he would diminish his own expenses in order to care for the children's needs.

In petitioner's respective 1995, 1996, and 1997 Federal income tax returns, he claimed dependency exemptions for his minor children, head of household filing status, and earned income credits.  For each year, respondent disallowed the dependency exemption because petitioner failed to establish that he was entitled to the exemption.  As a result of the disallowance, respondent further determined that petitioner's

filing status was single, not head of household, and also disallowed the earned income credit.

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. A "dependent" is defined in section 152(a) as an individual "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)". In order to prevail, petitioner must show by competent evidence: (1) The total support provided for each child, and (2) that he provided more than half of such total support. The amount of total support may be reasonably inferred from competent evidence. See Stafford v. Commissioner, 46 T.C. 515, 518 (1966). However, where the amount of total support of a child during the taxable year is not shown, and cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer has contributed more than one-half. See Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

Although we find petitioner's testimony credible as to the amount he contributed to the children's support, the record based solely on his contributions is incomplete. Petitioner was unable to reconstruct the dollar amount of the total support for the

children for the years in issue. We recognize that it is reasonable to infer Ms. Smith may have contributed a modicum amount to the support of her children. However, Ms. Smith was employed during some months of the years in issue, and, without evidence of her income or additional assistance she may have received from her mother, we are unable to determine the total support available to the children by all able parties. Neither Ms. Smith nor her mother testified at trial.

By failing to establish the total amount of support provided to petitioner's children from all sources, including Ms. Smith's public assistance, we are unable to conclude that petitioner provided more than one-half of the children's total support during the years in issue. Therefore, we hold that petitioner is not entitled to section 151 dependency exemption deductions for the 1995, 1996, and 1997 tax years. Respondent is sustained on this issue.

Head of Household Status

According to the relevant part of section 2(b), an individual shall be considered a head of household if such individual (1) is not married at the close of the taxable year and (2) maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for a son or daughter.

Petitioner was not married to Ms. Smith at the close of

1995, 1996, or 1997. Therefore, petitioner satisfies the first requirement of section 2(b). However, petitioner fails to establish the second requirement because he did not maintain his home as the principal place of abode for his children for more than one-half of any of the years in issue. Petitioner testified that the children lived with him on the weekends and during the summer months, which does not meet the time period requirement of section 2(b).

Therefore, petitioner is not entitled to file his 1995, 1996, and 1997 Federal income tax returns as head of household. Respondent is sustained on this issue.

Earned Income Credit

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a qualifying child. A "qualifying child" is a son or daughter of the taxpayer who has not attained the age of 19 at the end of the taxable year and shares the same principal place of abode in the United States with the taxpayer for more than one-half of the taxable year. Neither child was 19 years old at the end of 1995, 1996, or 1997. But because petitioner's children resided with him for less than one-half of the 1995, 1996, and 1997 taxable years, petitioner fails to meet the time period requirement of section 32. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.