T.C. Summary Opinion 2002-11


UNITED STATES TAX COURT



AUDREY A. CARLISLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7562-00S.                    Filed February 13, 2002.


Audrey A. Carlisle, pro se.

<u>Nguyen-Hong K. Hoang</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax for 1996 in the amount of $2,162. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for her son; and (2) whether petitioner is entitled to an earned income credit. At the time the petition was filed, petitioner lived in Fullerton, California.

Petitioner has a minor son, Corey Lewis (Corey), born on October 11, 1987. On July 17, 1991, Annjeannette Lee White (Ms. White) was appointed guardian of Corey, and received letters of guardianship from the Orange County Superior Court.

From January through May of 1996, petitioner and Corey lived with Ms. White, her husband Albert White (Mr. White) and their adult son, Clarence White (Clarence) (collectively the Whites), in a 2-bedroom apartment in Anaheim, California (Anaheim apartment). The apartment also had a kitchen, dining/living room, and backyard. Petitioner paid $300 in cash directly to Ms. White as her monthly contribution towards rent, utilities, and food. The Anaheim apartment lease was in Mr. and Ms. White's names, with a monthly rent of $740. Ms. White did the grocery shopping and cooking for the household. Ms. White also purchased all of Corey's clothing during the year in issue.

In June, petitioner moved to a 1-bedroom apartment in Buena Park, California. Corey remained with the Whites at the Anaheim apartment. Petitioner visited Corey and the Whites at the

Anaheim apartment often. At that time, Corey was enrolled in Stoddard Elementary School in Anaheim. All report cards were signed by Ms. White as Corey's parent or legal guardian. The Whites and Corey moved to Rouses Point, New York, in September 1996 to be with Ms. White's sister who was diagnosed with cancer. Corey was enrolled into Rouses Point Elementary School on October 1, 1996.

After Corey and the Whites moved to Rouses Point, petitioner sent approximately $150 per month for Corey's support. Corey wrote petitioner often and informed petitioner of items he wanted or needed, e.g., ice skates for hockey, video games, and clothing. Petitioner shipped these items directly to Corey.

On petitioner's 1996 Federal income tax return, petitioner reported wages of $14,066. She also claimed a dependency exemption deduction for Corey and an earned income credit. Respondent disallowed the dependency exemption because petitioner failed to establish that she was entitled to the exemption. Respondent further determined that petitioner was not entitled to the earned income credit.

Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each child under the age of 19 who is a dependent of the taxpayer. A "dependent" is defined in section 152(a) as an individual "over half of whose support, for the

calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".  In order to prevail, petitioner must show by competent evidence: (1) The total support provided for her son, and (2) that she provided more than half of such total support.  The amount of total support may be reasonably inferred from competent evidence.  Stafford v. Commissioner, 46 T.C. 515, 518 (1966).  However, where the amount of total support of a child during the taxable year is not shown, and cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer has contributed more than one-half.  Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

Although we find petitioner's testimony credible as to the amount she contributed to Corey's support, the record based solely on her contributions is incomplete.  Petitioner was unable to reconstruct the dollar amount of Corey's total support for the year in issue.  It appears that Mr. and Ms. White contributed a significant amount towards Corey's support; however, we are not able to determine that amount.

By failing to establish the total amount of support provided to Corey from all sources, we are unable to conclude that petitioner provided more than one-half of Corey's total support during the year in issue.  Therefore, we hold that petitioner is

not entitled to a section 151 dependency exemption deduction for the 1996 tax year.  Respondent is sustained on this issue.

Earned Income Credit

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a qualifying child.  A "qualifying child" is a son or daughter of the taxpayer who has not attained the age of 19 at the end of the taxable year and shares the same principal place of abode in the United States with the taxpayer for more than one-half of the taxable year.

Corey was a minor at the end of 1996, and, therefore, meets the age requirement of section 32.  However, petitioner lived with Corey from January through May of 1996, then moved into her own apartment.  Because Corey resided with her for less than one-half of 1996, petitioner fails to meet the time period requirement of section 32.  Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.