T.C. Summary Opinion 2006-143

UNITED STATES TAX COURT

CURTIS D. CUSTIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5725-05S.          Filed September 13, 2006.

Curtis D. Custis, pro se.

Ronald S. Collins, Jr., for respondent.

RUWE, Judge:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,788 in petitioner's Federal income tax for 2003.  The issues for decision are:  (1) Whether petitioner is entitled to two dependency exemptions; (2) whether petitioner is entitled to head of household filing status; (3) whether petitioner is entitled to an earned income tax credit; and (4) whether petitioner is entitled to an additional child tax credit.

## Background

Some facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated by this reference.  When the petition was filed, petitioner resided in Glassboro, New Jersey.

Respondent sent a notice of deficiency to petitioner setting forth a deficiency of $4,788 in income tax for 2003.  In the notice of deficiency, respondent changed petitioner's filing status to single and disallowed petitioner's two dependency exemptions for petitioner's son, IC,[2] and niece, AC, the earned income tax credit, and the additional child tax credit.

Petitioner and IC's mother did not live together during 2003.  IC lived with his mother during most of the year.  IC's mother did not claim him as a dependent on her 2003 tax return.  Petitioner and IC's mother orally agreed to let petitioner claim their son as a dependent on his return in 2003, but IC's mother

---

[2] The Court uses only the initials of minor children.

did not sign a written declaration allowing petitioner to take a dependency exemption deduction for IC. During 2003, petitioner took care of his son on weekends, not very often on weekdays, and during the summer. Petitioner provided some financial support for IC but did not produce canceled checks, credit card statements, receipts, bills, or other records relating to IC's support during 2003.

During 2003, petitioner also helped care for his niece, AC, whose father is petitioner's brother. AC resided with petitioner for less than half the time in 2003. AC resided with Alvenia Brown, her mother. Petitioner provided clothes, "sneaks", and food for AC in 2003. Alvenia Brown received financial assistance with regard to AC from petitioner, AC's father (petitioner's brother), and AC's cousin, Michael Green, in 2003. Petitioner produced no testimony or documentation to substantiate amounts expended for AC's support for 2003.

During 2003, both IC's mother and AC's mother provided financial support for IC and AC, respectively.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to

factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information. Petitioner has not met the requirements of section 7491(a) because he has not met the substantiation requirements or introduced credible evidence to support the deductions and credits at issue.

1.  Dependency Exemptions

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. As applied in this context, the definition of a "dependent" under section 152(a) includes a son[3] or the daughter of a brother[4] over half of whose support was received from the taxpayer. "[W]here there is no evidence as to the total amount expended for support of the child during the taxable year and no evidence from which it can reasonably be inferred, it is not possible to conclude that the taxpayer has contributed more than one-half." Stafford v. Commissioner, 46 T.C. 515, 518 (1966). If a child receives over half of his support during the calendar year from his parents, who live apart at all times during the last 6 months of the calendar year, and such child is in the custody of one or both of

---

[3] Sec. 152(a)(1).

[4] Sec. 152(a)(6).

his parents for more than one-half of the calendar year, such child shall be treated, for purposes of section 152(a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (custodial parent). Sec. 152(e)(1). A child of parents described in section 152(e)(1) will be treated as having received over half of his support during a calendar year from the noncustodial parent if the custodial parent signs a written declaration that such custodial parent will not claim the child as a dependent for any taxable year beginning in such calendar year, and the noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year. Sec. 152(e)(2). Section 152(e) applies to children of parents who were never married. King v. Commissioner, 121 T.C. 245, 251 (2003).

Petitioner has failed to provide any documentation indicating the total amount expended to support either his son or his niece. The record indicates that IC spent weekends and some of the summertime with petitioner but spent most weekdays with his mother, and that IC received support from both his mother and petitioner. IC's mother did not sign a written declaration allowing petitioner to take a dependency exemption deduction for IC. Petitioner stipulated that AC did not live with him for more than half of 2003, and Alvenia Brown had financial assistance

with regard to AC from sources other than petitioner.  No documentation concerning the support of either petitioner's son or niece was provided.

Petitioner failed to establish that he provided more than one-half of the total support for either IC or AC.  Additionally, IC's mother, and not petitioner, is IC's custodial parent and did not sign a written declaration allowing petitioner to take dependency exemption deduction.  For the foregoing reasons, petitioner has not satisfied the burden of proof with regard to the claimed dependency exemptions.  Respondent's determinations disallowing the dependency exemptions are sustained.

## 2.   Head of Household Status

Section 1(b) imposes a special income tax rate on an individual filing as head of household.  As applied in this context, section 2(b) defines "head of household" as an unmarried individual who maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a son, or "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151".  Sec. 2(b)(1)(A)(i) and (ii).

Because petitioner did not maintain a household which was for more than half the year IC's principal place of abode and because petitioner is not entitled to the dependency exemption

deduction for AC pursuant to section 151, it follows that petitioner is not entitled to head of household filing status. Thus, respondent's adjustment to petitioner's filing status is sustained.

3.   Earned Income Tax Credit

Petitioner claimed an earned income credit on the basis that he had two qualifying children.  Subject to certain limitations, section 32(a) provides for an earned income credit for an eligible individual.  Section 32(c)(1)(A)(i) defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".[5]  In this context, a qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement.  See sec. 32(c)(3).  To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed.  See sec. 32(c)(3)(A)(ii).

Because petitioner did not establish that either his son or his niece had the same principal place of abode for more than one-half of the taxable year in 2003, it follows that petitioner

---

[5] Sec. 32(c)(1)(A)(ii) provides that a taxpayer can also be an "eligible individual" without a qualifying child.  Petitioner does not meet the requirements for a credit as an eligible individual under sec. 32(c)(1)(A)(ii) because his income exceeded the completed phaseout amount prescribed by sec. 32(b) and Rev. Proc. 2002-70, sec. 3.06, 2002-2 C.B. 845, 848, for the year 2003.

is not entitled to any portion of the earned income tax credit. Respondent's determination disallowing petitioner's earned income tax credit is sustained.

4.  Additional Child Tax Credit

The child tax credit is a nonrefundable personal credit. Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. In this context, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship to the taxpayer as prescribed in section 32(c)(3)(B). Sec. 24(c)(1). If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1).

We have already held that petitioner is not allowed a deduction with respect to AC and IC as dependents under section 151. Because IC and AC are not qualifying children, petitioner does not qualify for the child tax credit or the additional child tax credit.

To reflect the foregoing,

Decision will be entered

for respondent.