T.C. Summary Opinion 2011-108

UNITED STATES TAX COURT

ADA R. SANTOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23737-10S.            Filed September 12, 2011.

Ada R. Santos, pro se.

<u>Mark H. Howard</u>, for respondent.

SWIFT, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]All section references are to the Internal Revenue Code in
effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,389 in petitioner's 2009 Federal income tax.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction; (2) whether petitioner may claim head of household filing status; and (3) whether petitioner is entitled to an earned income credit of $3,043. The trial of this case was held on April 4, 2011, in Salt Lake City, Utah.

## Background

Some of the facts have been stipulated and are so found.

In 2009 petitioner lived in North Salt Lake, Utah, with her adult son Walter Garcia (Walter).

In 2009 Walter received $5,430 in Social Security benefits and some Medicaid benefits from the Utah Department of Health. The record does not indicate the amount of Medicaid benefits Walter received.

During 2009 petitioner made monthly mortgage loan payments on the home in which she and Walter lived, and she paid related property taxes, a homeowner's insurance premium, and food and household item expenses. Petitioner also paid home utility expenses for electricity and natural gas and other miscellaneous items relating to the maintenance of the home.

The following table reflects amounts billed to and paid by petitioner in 2009 relating to the home:

| Expense | Amount Billed | Amount Paid |
|---|---|---|
| Mortgage | $19,654 | $19,654 |
| Property taxes | 1,550 | 1,550 |
| Home insurance | 540 | 540 |
| Food and household items | 3,220 | 3,220 |
| Electricity | 699 | 578 |
| Natural gas | 596 | 593 |
| Other | 524 | 476 |
| Total | 26,783 | 26,611 |

Walter was born in 1969 and during 2009 qualified as permanently and totally disabled. See secs. 22(e)(3), 152(c)(3)(B).

On her 2009 Federal income tax return filed with respondent, petitioner reported $9,804 of income, and she claimed a dependency exemption deduction with respect to Walter, head of household filing status, and an earned income tax credit of $3,043. On audit, respondent disallowed the claimed dependency exemption deduction, head of household filing status, and earned income tax credit.

## Discussion

### Dependency Exemption Deduction

Legislative changes enacted in 2004[2] relaxed the rules applicable to dependency exemptions relating to a "qualifying

----

[2]See Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169.

child" of a taxpayer.  See sec. 152(c).  Respondent's arguments and brief do not take into account this less restrictive dependency exemption applicable to a qualifying child.[3]

A qualifying child means an individual who:  (1) Bears a qualifying relationship to the taxpayer (e.g., a child of the taxpayer); (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets the age requirement of section 152(c)(3);[4] (4) has not provided over one-half of his or her own support for the taxable year; and (5) has not filed a joint return with his or her spouse, if any. Sec. 152(c)(1).  There is no longer a requirement that a parent claiming a dependency exemption for a qualifying child have provided over one-half of the total support for the child.

Generally, in determining the total cost of support, all sources of support are included.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The term "support" includes items such as "food, shelter, clothing, medical and dental care, education, and the like."  Id.  The value of government benefits normally excludable

----

[3]Respondent argues that petitioner must show that she furnished over half of her son's total support for the year. That rule, however, is applicable only to years before 2005 and, beginning in 2005, only to claimed dependency exemptions that relate to "qualifying relatives" other than a qualifying child. See sec. 152(b), (d).

[4]Walter meets the special rule for disabled persons under sec. 152(c)(3)(B) and thus satisfies the age requirement for a qualifying child.

from income (e.g., Social Security benefits) may be included in the term "support". See Turecamo v. Commissioner, 554 F.2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); sec. 1.152-1(a)(2)(ii), Income Tax Regs.

At trial petitioner credibly testified, and we so find, that the $26,611 in household-related expenses petitioner paid in 2009 represented expenses of both petitioner and Walter; i.e., that a portion of petitioner's 2009 expenses is allocable to or benefited Walter and, accordingly, represents support petitioner provided to Walter in 2009.

Respondent argues that the Medicaid benefits Walter received also need to be included in the computation of Walter's total support, and because petitioner has not established that amount, respondent argues that petitioner has not established the total amount of Walter's support.

We, however, have acknowledged that payments received under Medicaid are not necessarily included in determining the support of a claimed dependent. In Archer v. Commissioner, 73 T.C. 963 (1980), Medicaid payments received were held not to involve ordinary support for the mother of the taxpayer. The Court noted:

> To require that Medicaid payments be included in the support equation * * * means that those individuals whose parents are the neediest will be the least likely to get a dependency exemption for supporting * * * [their parents]. This * * * seems exceedingly unfair

and contrary to the basic thrust of the Medicaid
program itself.

Id. at 971.

On the limited record before us, we find it appropriate to exclude Medicaid benefits Walter received in calculating the total amount of Walter's 2009 support.

Respondent argues that the proper measure of the housing, food, and clothing petitioner provided to Walter is the "value" thereof, which is not necessarily the same as what petitioner paid therefor. Respondent thus argues that we cannot calculate the total amount of Walter's support.[5]

In determining whether a qualifying child has provided more than half of his or her own support, the amount of support provided by the child is compared to the total amount of support available to the child. However, we have explained that "a taxpayer is not precluded from being entitled to a dependency exemption simply because he is not able to prove conclusively the total cost of the child's support". Stafford v. Commissioner, 46 T.C. 515, 517 (1966).

---

[5]Respondent notes that petitioner reported only $9,804 in adjusted gross income on her 2009 Federal income tax return and questions how petitioner could actually have paid the expenses she claims. There are a number of possible explanations for the source from which petitioner paid the expenses (e.g., savings). Whatever the source, we accept petitioner's testimony that she paid $26,611 in household-related expenses in 2009.

On the bases of the record before us and petitioner's credible testimony, we find that in 2009 petitioner paid $26,611 in household expenses, that these expenses supported both herself and Walter, and that one-half of these expenses is properly treated as support petitioner provided to Walter. Only petitioner and Walter lived in petitioner's home, and it is reasonable to treat these expenses as providing support to petitioner and also to Walter.

For purposes of the claimed dependency exemption deduction at issue and on the record before us, we conclude that petitioner provided $13,305 to support Walter (one-half of $26,611) and Walter provided either zero or $5,430 (depending on whether the $5,430 in Social Security benefits Walter received is to be treated as provided by Walter). In either case, Walter provided less than one-half of his own support.

Petitioner is entitled to the claimed dependency exemption deduction for Walter.

Head of Household Filing Status

Under section 1(b), a special tax rate applies to a taxpayer who qualifies as a head of household. Section 2(b)(1)(A)(i) provides that a taxpayer qualifies as a head of household if she maintains a home that constitutes the principal place of abode of a qualifying child (as defined in section 152(c)) for more than one-half of the year. A taxpayer is considered as maintaining a

household only if she pays over half of the expenses for the household during the year.  Sec. 2(b).

In light of our findings that during 2009 Walter was a qualifying child and that petitioner paid all of the household expenses, petitioner qualifies for head of household filing status.

Earned Income Credit

Under section 32(a), a taxpayer may be entitled to an earned income credit if she has a qualifying child or if the taxpayer has, among other things, earned income for the year of $13,440 or less.  See Rev. Proc. 2009-21, sec. 3.06, 2009-16 I.R.B. 860.

As we have held, petitioner had a qualifying child, and she therefore is entitled to the earned income credit for 2009.

To reflect the foregoing,

Decision will be entered

for petitioner.