**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-104

UNITED STATES TAX COURT

ESPERANZA ENRIQUEZ RETA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25438-12S.                    Filed December 16, 2013.

Esperanza Enriquez Reta, pro se.

Timothy A. Froehle, for respondent.

SUMMARY OPINION

NEGA, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedures.

Respondent determined a deficiency of $4,432 in petitioner's Federal income tax for 2011. The issues for decision are:

(1) whether petitioner is entitled to the two dependency exemption deductions claimed on her return for 2011;

(2) whether she is entitled to head of household filing status;

(3) whether she is entitled to an earned income credit (EIC) of $3,094; and

(4) whether she is entitled to a child tax credit and a related additional child tax credit.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner was born in 1992 and resided in California at the time that she filed her petition.

Petitioner is the younger sister of Olga Lydia Enriquez (Olga Enriquez) and Maria Irene Enriquez (Irene Enriquez). Olga Enriquez resided in Tijuana, Mexico, at the time petitioner filed her petition. Irene Enriquez resided in California at the

time of petitioner's petition and is the mother of A.Q., who was born in 2000.[1] Irene Enriquez and A.Q.'s father are not married.  A.Q. lives with Irene Enriquez and visits her father on weekends.

Olga Enriquez was unemployed for the year in issue.  Petitioner sent money to Olga Enriquez monthly during 2011.  Irene Enriquez was employed part time as a house cleaner and received child support from A.Q.'s father for A.Q. during the year in issue.  Petitioner also provided money to Irene Enriquez during 2011 to help with expenses such as rent and school supplies for A.Q.

Petitioner timely filed her 2011 Form 1040A, U.S. Individual Income Tax Return.  On the return, she claimed head of household filing status, two dependency exemption deductions for Olga Enriquez and A.Q., the child tax credit and additional child tax credit, and the EIC.  Irene Enriquez did not claim A.Q. as a dependent on her income tax return for the 2011 year.

Respondent determined that petitioner was not entitled to the two dependency exemption deductions, the child tax credit and additional child tax credit, and the EIC.  Respondent also changed petitioner's tax filing status to single.

Petitioner timely filed a petition in response to the notice of deficiency.

---

[1]The Court refers to minor children by their initials.  See Rule 27(a)(3).

## Discussion

### I.    Burden of Proof

Respondent's determination as to petitioner's tax liability is presumed correct, and petitioner bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

### II.    Dependency Exemption Deductions

#### A. General

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. See sec. 151(c). Section 152(a) defines a dependent as a qualifying child or qualifying relative of the taxpayer. In addition to other requirements, a qualifying child must be a child, brother, sister, stepbrother, or stepsister, or a descendant of such relatives of the taxpayer. Sec. 152(c)(2). A qualifying child must also have the same principal

place of abode (the "residency test") as the taxpayer for more than one-half of the taxable year in issue, and the child must not have provided over one-half of his or her own support for the year in issue. Sec. 152(c)(1)(B), (D).

An individual who is not a qualifying child may, under certain conditions, qualify as a dependent if he or she is a qualifying relative. Sec. 152(a). Under section 152(d)(1), a qualifying relative is an individual: (A) who bears a qualifying relationship to the taxpayer; (B) whose gross income for the year is less than the section 151(d) exemption amount; (C) who receives over one-half of his or her support from the taxpayer for the taxable year; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.

B. Qualifying Child--Section 152(c)

Respondent determined that petitioner was not entitled to the dependency exemption deduction for A.Q. for the year in issue because she did not establish that A.Q. was a qualifying child under section 152(c). Respondent asserts that petitioner has not established that A.Q. had the same principal place of abode as petitioner for more than one-half of the taxable year in issue. Respondent also

asserts that petitioner has failed to establish that she provided over one-half of A.Q.'s support for 2011.[2]

Petitioner asserts that she moved in with her sister Irene Enriquez to assist with the care of A.Q. Petitioner claims to have lived at her sister's address for more than half of 2011, yet she could not provide any evidence of having lived at her sister's address. Petitioner stated that her name was not on the lease, but that she lived with her sister from the beginning of 2011 to January 2012. Petitioner could not recall the exact month she moved in with her sister but stated at trial that it was sometime between January and March 2011. Irene Enriquez also could not recall the month in which petitioner moved into her residence but testified at trial that it was before June 2011. Petitioner attached three Forms W-2, Wage and Tax Statement, in connection with her Form 1040A filing for 2011. All three Forms W-2 and her Form 1040A listed an address different from the address where petitioner's sister and A.Q. resided in 2011. Additionally, petitioner testified that

---

[2] This argument, while relevant to the qualifying relative test (discussed below), is no longer applicable law for the dependency exemption deduction. Rather, the requirement that a taxpayer provide more than one-half of the support for each dependent was applicable for the dependency exemption deduction for taxable years before 2005. For taxable years beginning after 2004, the Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, sec. 201, 118 Stat. at 1169, replaced that support test with the present-law test requiring that a qualifying child not provide more than one-half of his or her own support. Sec. 152(c)(1)(D).

she did not recall the address where she resided for 2011. Thus, petitioner has not established that she had the same principal place of abode as A.Q. for more than one-half of 2011. Section 152(c)(1)(B) requires that the qualifying child have the same principal place of abode as the taxpayer for more than one-half of the taxable year. As a result, A.Q. is not a qualifying child of petitioner for 2011.

C. Qualifying Relative--Section 152(d)

An individual who does not meet the requirements to be considered a qualifying child may still qualify as a dependent if he or she meets the requirements to be considered a qualifying relative of the taxpayer. To be considered a qualifying relative, the individual must receive over one-half of his or her support from the taxpayer for the taxable year in issue. Sec. 152(d)(1)(C).

In order for petitioner to establish that she provided more than one-half of A.Q.'s support during 2011, she must establish the total amount of A.Q.'s support from all sources for the year. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Philemond v. Commissioner, T.C. Memo. 2012-29; sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent must be shown by competent evidence. Blanco v. Commissioner, 56 T.C. at 514. If it is not possible to reasonably infer the total amount of support for the year from competent evidence,

then it is not possible to conclude that the taxpayer provided more than one-half of the total amount of support. Id. at 514-515; Stafford v. Commissioner, 46 T.C. 515, 518 (1966).

Petitioner did not present any documentary evidence to show the total amount expended for A.Q.'s support, nor has she substantiated any amounts paid for A.Q.'s support during 2011. Petitioner did not produce any receipts to show rent payments for the housing she claims she shared with A.Q. and A.Q.'s mother, Irene Enriquez, or for any payments toward utilities, clothing, food, medical costs, or other expenses for A.Q. Further, Irene Enriquez testified that she earned money from cleaning houses during 2011 that she used for household expenses and that A.Q.'s father provided child support payments of $300 per month. Thus, petitioner has not established that she provided more than one-half of A.Q.'s support for 2011. As a result, A.Q. is not a qualifying relative of petitioner for 2011, and petitioner is not entitled to claim her as a dependent for 2011.

Respondent also determined that petitioner was not entitled to the dependency exemption deduction claimed for 2011 with regard to her sister Olga Enriquez because she did not establish that Olga Enriquez was a qualifying relative. Respondent asserts that petitioner has not established that she provided over one-half of Olga Enriquez's support for 2011.

Petitioner argues she is entitled to claim Olga Enriquez as a dependent because she sent money to Olga Enriquez monthly. Petitioner testified at trial that she sent approximately $100-$150 to Olga Enriquez each month, but she could not state Olga Enriquez's monthly expenses. Although petitioner's testimony is credible, she has not provided any proof of the total amount of support for Olga Enriquez, and she has not shown that she provided over one-half of Olga Enriquez's support for 2011. Thus, Olga Enriquez is not a qualifying relative of petitioner for 2011, and petitioner is not entitled to claim her as a dependent for 2011. Petitioner testified at trial that Olga Enriquez is 12 years older than she. Consequently, Olga Enriquez's age during tax year 2011 would also not have allowed her to qualify as petitioner's qualifying child.

III.    Head of Household Filing Status

Respondent also determined that petitioner's correct filing status for 2011 was single rather than head of household. Section 1(b) provides a special tax rate for an individual who qualifies as a head of household. As relevant to petitioner, an unmarried individual is eligible to file as a head of household "if, and only if" such individual maintains as her home a household which constitutes, for more than one-half of the taxable year, the principal place of abode of a qualifying child or any other person who is a dependent of the taxpayer. Sec. 2(b)(1)(A)(i) and (ii).

Petitioner has not shown that she maintained a home with either A.Q. or Olga Enriquez. Additionally, as A.Q. is neither a qualifying child nor a qualifying relative of petitioner, and Olga Enriquez is not a dependent, petitioner is not entitled to head of household filing status for 2011.

## IV. Earned Income Credit

Section 32(a)(1) provides an eligible individual with an earned income credit against the individual's income tax liability, subject to a phaseout in section 32(a)(2). Section 32(b) prescribes different percentages and amounts used to calculate the credit. The amount of the credit to which an eligible individual is entitled increases if the individual has a qualifying child as defined by section 152(c) (determined without regard to certain sections not relevant here). Sec. 152(b), (c)(3). Petitioner has not asserted that her sister Olga was a qualifying child for purposes of either the EIC or the child tax credits (discussed below). Because, for the reasons stated above, A.Q. is not a qualifying child of petitioner during 2011, petitioner is not entitled to the EIC with one qualifying child for 2011.

A taxpayer may still qualify for the EIC without a qualifying child if he or she meets the requirements of section 32(c)(1)(A)(ii). Under section 32(c)(1)(A)(ii), an eligible individual is an individual: (I) whose principal place of

abode is in the United States for more than one-half of the taxable year in issue, (II) who has attained age 25 but not attained age 65 before the close of the taxable year, and (III) who is not a dependent for whom a deduction is allowable under section 151 to another taxpayer for the same taxable year. Petitioner was born in 1992 and had not attained the minimum age of 25 in taxable year 2011 as required by section 32(c)(1)(A)(ii)(II). As a result, petitioner is not entitled to the EIC without a qualifying child for 2011.

V.      Child Tax Credit and Additional Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a dependency exemption deduction. For purposes of subsection (a), section 24(c)(1) defines a "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." The child tax credit may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

As previously discussed, A.Q. is not petitioner's qualifying child for 2011. Therefore, petitioner is not entitled to the child tax credit or the additional child tax credit.

## Conclusion

For the reasons discussed herein, petitioner is not entitled to the claimed dependency exemption deductions, head of household filing status, earned income credit, or child tax credits. Respondent's determination is therefore sustained.

To reflect the foregoing,

Decision will be entered

for respondent.